[Cite as *Hart v. Spenceley*, 2013-Ohio-653.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| SARAH B. HART, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2011-08-165 |
| | : | O P I N I O N |
| - vs - | | 2/25/2013 |
| | : | |
| JEFFREY M. SPENCELEY, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 08050638


Courtney N. Caparella-Kraemer, Kari Yeomans, 4841 Rialto Road, Suite A, West Chester, Ohio 45069, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Jeffery M. Spenceley (father), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, modifying the terms of a parenting decree and finding plaintiff-appellee, Sarah B. Hart (mother), in contempt of the parenting decree on one occasion. For the reasons stated below, we affirm.

{¶ 2} Father and mother were married on July 11, 2005. During the marriage, the

couple had one child, who was born in 2007. Upon their divorce in March 2009, a parenting decree was issued. Under the terms of the decree, mother was deemed residential parent, with father receiving parenting time on alternating weekends and on Monday evenings following weekends father did not see the child. Additionally, father, a high school football coach, was to receive parenting time one evening through the week except during football season.

{¶ 3} In February 2011, father filed a motion for contempt against mother and a motion to modify parenting time. In his contempt motion, father cited several instances where mother allegedly failed to abide by the parenting time schedule. Father also requested attorney fees and court costs. Shortly thereafter, mother filed a motion to modify child support and to restrict father's parenting time.

{¶ 4} A hearing was held before a magistrate regarding all the motions. The magistrate found mother in contempt of the parenting decree on three occasions and granted father $500 in attorney fees and court costs. Additionally, the magistrate granted several of father's requests to modify parenting time and denied all of mother's motions. Mother filed objections to the magistrate's decision. The trial court conducted an independent review of the record and sustained several of mother's objections. The court found mother in contempt on only one occasion and awarded father $100 for court costs but overruled the award of attorney fees for the contempt motion. The court reasoned that an award of attorney fees was not appropriate because father did not submit any evidence regarding the fees he incurred in prosecuting the contempt motions. Additionally, the court denied many of father's requests to modify parenting time. The court also denied mother's requests to modify child support and to restrict father's parenting time.

{¶ 5} Father now appeals, raising three assignments of error.

{¶ 6} Assignment of Error No. 1

- 2 -

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REVERSED THE MAGISTRATE'S DECISION IN THE ABSENCE OF PROPER OBJECTIONS FROM THAT DECISION.

{¶ 8} Assignment of Error No. 2

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT MODIFIED THE MAGISTRATE'S DECISION.

{¶ 10} We will address father's first two assignments of error together as they both concern the scope of a trial court's review of a magistrate's decision. Father contends that pursuant to Civ.R. 53, when a party files general objections to a magistrate's decision, the trial court is precluded from engaging in a de novo review. Instead, when a party files general objections, the trial court can modify the magistrate's decision only if it finds an error of law or other defect evident on the face of the decision. Father also argues that a trial court should defer to a magistrate's determination regarding parenting issues when the magistrate is the sole fact-finder to observe the parties testify.

{¶ 11} Where a matter is referred to a magistrate, the magistrate and the trial court must conduct the proceedings in conformity with the powers and procedures conferred by Civ.R. 53. A magistrate may issue a decision on a matter that is referred to it by a trial court, subject to the scope of the court's referral. Civ.R. 53(D)(3)(a); *Donoforio v. Whitman*, 191 Ohio App.3d 727, 2010-Ohio-6406, ¶ 17 (7th Dist.). However, the magistrate's decision is not a final judgment. A trial court must act on a magistrate's decision in order to give the recommendation the force of law. Civ.R. 53(D)(4)(a).

{¶ 12} As the First District has recognized, "[m]agistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court." *Yanket v. Coach Builders Limited, Inc.*, 1st Dist. No. C-060601, 2007-Ohio-5126, ¶ 9. A magistrate's exercise of such broad powers is intended only "to assist courts of record." Civ.R. 53(C)(1).

- 3 -

A magistrate's "oversight of an issue or issues, even an entire trial, is not a *substitute* for the [trial court's] judicial functions but only an *aid* to them." (Emphasis sic.) *Yanket* at ¶ 9, citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 6 (1993). It is the primary duty of the trial court, and not the magistrate, to act as a judicial officer. *Id.*

{¶ 13} A trial court still retains the ability to employ its own judgment in a case even if it refers a matter to a magistrate. *See Koeppen v. Swank*, 12th Dist. No. CA2008-09-234, 2009-Ohio-3675, ¶ 37. Civ.R. 53 provides that when a magistrate issues a decision, parties have 14 days to file specific, particularized objections. Civ.R. 53(D)(3)(b)(i). If objections are timely filed, a trial court must conduct an independent review of those objections. Civ.R. 53(D)(4)(d). If no objections are filed, a trial court is permitted to simply adopt the magistrate's decision as part of its judgment unless it determines that there is an error of law or other defect on the face of the decision. Civ.R. 53(D)(4)(c). A trial court can treat a party's objection that is not specific or particular as if an objection was not filed at all and the court may affirm the magistrate's decision without considering the merits of the objection. *Solomon v. Solomon*, 157 Ohio App.3d 807, 2004-Ohio-2486 (7th Dist.), ¶ 15.

{¶ 14} However, the filing or failure to file objections does not prevent the trial court from reviewing the magistrate's decision. Civ.R. 53(D)(4)(b) states:

> *Whether or not objections are timely filed,* a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate. (Emphasis added.)

Thus, although a trial court can treat a party's general objections to a magistrate's decision as if no objection was filed at all, the court is not constrained to this level of review. *Solomon* at ¶ 15. Instead, a trial court is free to engage in an independent review of the record. *Id.*

{¶ 15} We find that the trial court did not err in conducting an independent review of the magistrate's decision and making credibility and factual determinations that were contrary

to the magistrate's decision. Whether or not mother filed general objections, the trial court had the inherent power to independently review the record. We are not persuaded by the cases cited by father as these simply stand for the proposition that a trial court *may* treat a failure to file a specific objection the same as the failure to file any objections to a magistrate's decision. *In re C.P.*, 12th Dist. No. CA2010-12-025, 2011-Ohio-4563, ¶ 34; *Wallace v. Willoughby*, 3rd Dist. No. 17-10-15, 2011-Ohio-3008, ¶ 20. These cases do not mean that a trial court is *prohibited* from conducting an independent review of the magistrate's decision when specific objections are not filed. Additionally, the trial court can make its own factual determinations because as the ultimate finder of fact, it "should not adopt the findings of the [magistrate] unless the trial court fully agrees with them." *Rapp v. Pride*, 12th Dist. No. CA2009-12-311, 2010-Ohio-3138, ¶ 14, citing *Inman v. Inman*, 101 Ohio App.3d 115, 118 (2d Dist.1995).

{¶ 16} Therefore, the trial court did not err in conducting an independent review of the magistrate's decision and not deferring to the magistrate's credibility and factual determinations. Father's first and second assignments of error are overruled.

{¶ 17} Assignment of Error No. 3

{¶ 18} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT VACATED THE AWARD OF ATTORNEY FEES TO APPELLANT.

{¶ 19} In father's third assignment of error, he argues that the trial court erred when it vacated the award of attorney fees. As in the first assignment of error, father argues that the trial court was prohibited from engaging in an independent review of the record because mother's objections to the magistrate's decision did not specifically address attorney fees. As discussed above, Civ.R. 53 expressly allows a trial court to adopt, reject, or modify a magistrate's decision whether or not a party files objections. Therefore, the trial court was authorized to review the magistrate's award of attorney fees to father.

- 5 -

{¶ 20} Father also challenges the trial court's determination to overrule the magistrate's award of attorney fees. The trial court found that it could not award attorney fees because father did not present sufficient evidence regarding the amount of attorney fees he incurred. The court did award father $100 in court costs.

{¶ 21} R.C. 3109.051(K) governs the issuance of attorney fees when a party is found in contempt of court for failing to comply with a parenting time order. The statute provides that trial courts *shall* award "reasonable" attorney fees and court costs "arising out of the contempt proceedings against the person." The award of attorney fees is mandatory upon a finding of contempt under R.C. 3109.051. *Hall v. Nazario*, 9th Dist. No. 07CA009131, 2007-Ohio-6401, ¶ 15. *Rapp*, 12th Dist. No. CA2009-12-311, 2010-Ohio-3138, ¶ 32. "The statute is phrased in the imperative and clearly pre-empts the judicial discretion that once controlled this area. It * * * requires that costs and reasonable attorney fees for the injured party be assessed against the contemnor, irrespective of any other sanction that might be imposed." *Huff v. Huff*, 2nd Dist. No. CA14823, 1995 WL 600012 (Oct. 13, 1995), quoting *In Re Skinner*, 4th Dist. No. 93CA547 (Mar. 23, 1994).

{¶ 22} The award of attorney fees must also be "reasonable." R.C. 3109.051(K). Reasonableness for purposes of calculating attorney fees is a question of fact and the trial court must have evidence before it probative of that issue in order to make the finding. *Rapp* at ¶ 32. Reasonable attorney fees must be based upon actual services performed by the attorney and upon the value of those services. *Vanderventer v. Vandeventer*, 132 Ohio App.3d 762 (12th Dist.1999). We review the trial court's valuation of attorney fees for an abuse of discretion. *Rapp* at ¶ 32.

{¶ 23} Loc.R. DR 30(E)(3) for the Butler County Domestic Relations Court provides that a bill for attorney fees will be deemed "fair and reasonable" so long as it is accompanied with an affidavit from the attorney and submitted to opposing counsel within seven days after

trial. The rule goes on to state that "[f]ailure to comply with the provisions of this rule will result in the denial of a request for attorney fees, unless jurisdiction to determine the issue of fees is expressly reserved in any order resulting from the hearing." *Id.*

{¶ 24} At the hearing before the magistrate, father testified that his total attorney fees for prosecuting the contempt motions and the motion to modify parenting time amounted to between $1,400 and $1,500. Father presented no other evidence documenting his attorney fees or the portions of the fees related to the contempt motions. The magistrate awarded court costs and attorney fees to father in the amount of $500. However, the trial court overruled this award and ordered mother to reimburse father $100 for the filing fee associated with the contempt motion. The court reasoned that it could not determine a reasonable fee for the one count of contempt against mother because father failed to present any evidence besides his testimony as to the attorney fees he incurred.

{¶ 25} We find that the trial court did not err when it declined to grant father attorney fees. Although the language in R.C. 3109.051 is mandatory, attorney fees must also be reasonable and based on the actual services performed by the attorney and the value of those services. It is axiomatic that a trial court cannot make a finding when there is no evidence in the record. In this case, father not only failed to present documents to verify the amount of attorney fees he incurred, his testimony did not specify what portion of the total amount of attorney fees were related to the contempt motions. Therefore, it was impossible for the court to determine an award of attorney fees. However, while the court did not grant attorney fees it did award father's court costs in filing the contempt motion. Therefore, we find the court did not violate R.C. 3109.051.

{¶ 26} Father's third assignment of error is overruled.

{¶ 27} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.