[Cite as *Leach v. Leach*, 2020-Ohio-1181.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| JOSEPH R. LEACH, | : | |
| Appellant, | : | CASE NO. CA2019-06-092 |
| | : | O P I N I O N |
| - vs - | | 3/30/2020 |
| | : | |
| AMANDA R. LEACH NKA DAVIS, | : | |
| Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2014-03-0262

Mark W. Raines, 246 High Street, Hamilton, Ohio 45011, for appellant

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, guardian ad litem

**PIPER, J.**

{¶ 1} Appellant, Joseph Leach ("Father"), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, denying his motion to become residential parent of his three children for purposes of schooling.

{¶ 2} Father and appellee, Amanda Davis ("Mother"), were married and had three

children.  During the marriage, Father had problems with alcohol consumption and anger. Mother sought and was granted a domestic violence protection order against Father, which included protection of the children.  After the couple's divorce, Mother was named residential parent and the parties had a shared parenting agreement.

{¶ 3}  The parties' three children, all of school age, have had challenges with school and attendance to varying degrees.  The oldest child, who is in high school, has failed several classes and questions remain as to whether she will be able to graduate on time. The middle child has also received low grades in several classes and has had attendance problems.  The youngest child has fallen behind in some classes, including math, and has attendance problems.

{¶ 4}  Father filed multiple motions with the court, including a motion to modify shared parenting and one to be named the residential parent for school purposes.  A magistrate held a hearing during which several witnesses testified, including the guardian ad litem ("GAL") who had been assigned to the case.  The GAL, who also submitted a report, recommended that Mother remain the residential parent for purposes of schooling. Father's witnesses testified that he has a good relationship with the children and that he works with them on their schoolwork.  In addition to the hearing, the magistrate also conducted an in camera interview of the three children.

{¶ 5}  Upon completion of the hearing, the magistrate asked the parties to submit proposed findings of fact and conclusions of law.  The magistrate then issued a decision naming Father as the residential parent for school purposes, using Father's proposed facts almost verbatim.  Mother filed objections to the magistrate's decision and the trial court performed an independent review of the record. The trial court overturned the magistrate's decision, sustained Mother's objections, and ordered that Mother remain the children's residential parent.  The trial court did, however, modify visitation so that Father had more

time with the children. Father now appeals the trial court's decision overruling the magistrate's initial order, raising the following assignment of error for review:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERTURNED THE DECISION OF THE MAGISTRATE NAMING APPELLANT THE RESIDENTIAL PARENT FOR SCHOOL PURPOSES.

{¶ 7} Father argues within his assignment of error that the trial court erred in overturning the magistrate's decision because the trial court failed to properly consider best interest factors and did not give deference to the magistrate's credibility determinations.

{¶ 8} Changing the residential parent for school purposes is a modification of a term to the shared parent plan and is governed by R.C. 3109.04(E)(2)(b). *In re E.L.C.*, 12th Dist. Butler No. CA2014-09-177, 2015-Ohio-2220, ¶ 42. Pursuant to that statute, the court may modify the terms of the shared parenting plan if such modification is in the best interest of the children.

{¶ 9} In determining the best interest of a child, R.C. 3109.04(F)(1) requires the court to consider all relevant factors including, (1) the wishes of the child's parents regarding the child's care, (2) the wishes and concerns of the child, as expressed to the court, if the court conducted an in camera interview, (3) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest, (4) the child's adjustment to the child's home, school, and community, and (5) the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights. R.C. 3109.04(F)(1)(a) thru (d), and (f). No one factor is dispositive, and the court has discretion to weigh the factors "as it sees fit." *Carr v. Carr*, 12th Dist. Warren Nos. CA2015-02-015 and CA2015-03-020, 2016-Ohio-6986, ¶ 22.

{¶ 10} The court's determination regarding its best interest finding will not be reversed absent an abuse of discretion. *In re T.G.O.*, 12th Dist. Madison No. CA2016-02-

009, 2017-Ohio-151, ¶ 13-15. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *In re B.K.*, 12th Dist. Butler No. CA2010-12-324, 2011-Ohio-4470, ¶ 12. This highly deferential standard of review rests on the premise that the trial court is in the best position to determine the credibility of witnesses given the ability to observe the witnesses' demeanor, gestures, and attitude. *Rarden v. Rarden*, 12th Dist. Warren No. CA2013-06-054, 2013-Ohio-4985, ¶ 10.

{¶ 11} In ruling on objections to a magistrate's decision, Civ.R. 53(D)(4)(d) requires a trial court to independently review the objected matters to ascertain whether the magistrate properly determined the factual issues and appropriately applied the law. *Koeppen v. Swank*, 12th Dist. Butler No. CA2008-09-234, 2009-Ohio-3675, ¶ 26. When conducting its de novo review, the trial court may not defer to the magistrate because the magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function. *Heinbaugh v. Napier*, 12th Dist. Brown No. CA2013-10-010, 2014-Ohio-3548. *See also Hart v. Spenceley*, 12th Dist. Butler No. CA2011-08-165, 2013-Ohio-653, ¶ 16 (affirming the trial court's decision in which it did not defer to the magistrate's credibility and factual determinations and instead performed a de novo review). Consequently, the trial court has the ultimate authority and responsibility over the magistrate's findings and rulings. *Mandzak v. Graves*, 12th Dist. Butler No. CA2009-06-173, 2010-Ohio-595, ¶ 7.

{¶ 12} The record indicates that the magistrate incorporated Father's findings of fact into its written decision and then balanced the factors using those facts to find that Father should be named residential parent for purposes of schooling. However, the trial court independently reviewed the record, including the transcript of testimony, and determined that information provided by Father's witnesses should not carry much weight given that the witnesses testified that they had limited interaction with the children and Father during their time together.

{¶ 13} The trial court noted that its decision to give the testimony "limited weight" was not a matter of credibility, but instead, was because the witnesses' interaction with Father when he was with the children "was either sporadic or in a larger group of people." Thus, the trial court did not fail to take into consideration the magistrate's credibility determination as Father suggests, but rather, used the information contained in the record to determine that the witnesses' testimony should not be given more weight than it deserved given the limited interaction between the witnesses and the children when the children were with Father.

{¶ 14} During its balancing of the factors, the trial court considered that Father wanted to be named residential parent for purposes of schooling for the children so that he could take a larger role in the children's education, while Mother wanted to remain residential parent for school purposes.

{¶ 15} Regarding the wishes and concerns of the children, as expressed to the court, the court reviewed the interview conducted of each child by the magistrate. The court found that each child was capable of expressing her wishes.[1] The court also considered the GAL's report, which recommended that Mother remain residential parent for purposes of schooling.

{¶ 16} Regarding the children's interaction and interrelationship with the people in their lives, the court considered Father's contention that the children were not properly pursuing their education while with Mother and also suffered from hygiene issues while in Mother's care. Father's witnesses testified that the children smelled of pet feces and urine after coming from Mother's care. However, and as noted by the trial court, these witnesses did not "testify regarding a time frame or rate of occurrence" to establish the hygiene issues.

---

1. This court has examined the transcript of the interview with the children and has given it proper weight when reviewing the trial court's balancing of factors. However, we will not publish the contents of the interview.

While the magistrate gave great weight to the hygiene issue, the court did not consider the evidence "significant to find a danger to the health of the children." Otherwise, the court determined that the children have a "close relationship" with Mother and members of the extended family on both sides.

{¶ 17} Regarding the children's adjustment to their home, school and community, the court considered that the children have attended Edgewood schools. While Father introduced school records indicating attendance problems for the children and low grades, Mother testified that she has assisted the children with improvement. Specifically, Mother made efforts to obtain tutoring for one of the children, and assistance for the eldest child in her schoolwork.

{¶ 18} The court noted positive attributes of the children's involvement with their school and community, including that the eldest child is involved with the local fire department's Chief Explorer program and wants to pursue a career in firefighting. The court also found that the two younger children are well adjusted to their community, including involvement in extracurricular activities.

{¶ 19} Regarding the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights, the court considered that neither party appears to communicate regarding the children unless necessary. Mother testified that Father becomes "demeaning and demanding" when discussing the children with her. Ultimately, the trial court decided that Mother "has been the parent most likely to compromise and facilitate the other parent's rights."

{¶ 20} We find that the trial court properly performed a thorough review of the record, including a proper balancing of best interest factors, and did not abuse its discretion in ordering that Mother remain the children's residential parent for school purposes. Thus, Father's single assignment of error is overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.