[Cite as *Klein Eng., L.L.C. v. Thiemann*, 2026-Ohio-1233.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |  |
|---|---|---|---|
| KLEIN ENGINEERING, LLC, | : | | |
| Appellee, | : | CASE NO. CA2025-08-095 | |
| vs. | : | OPINION AND JUDGMENT ENTRY 4/6/2026 | |
| TAMMY THIEMANN, et al., | : | | |
| Appellants. | : | | |
| | : | | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2020 04 0771

Gottesman & Associates, LLC and Zachary Gottesman, for appellee.

Mark W. Raines, for appellants.

**O P I N I O N**

**SIEBERT, J.**

{¶ 1} Appellants, Tammy Thiemann, et al. (collectively "Thiemann"), appeal the trial court's adoption of a magistrate's decision in favor of appellee, Klein Engineering, LLC. Thiemann asserts the trial court erred because the magistrate entered its decision 15 months after the bench trial and without having a transcript of the first day of the trial.

Thiemann argues this deprived her of a fair trial and prevented any independent and comprehensive review of the record. We disagree because regardless of when the magistrate issued the decision, Ohio's Rules of Civil and Appellate Procedure dictate how parties to litigation can complete the evidentiary record when an official transcript (or other official recording of the proceedings) is not available. *See* Civ.R. 53(D); App.R. 9(C). Ultimately, Thiemann failed to take full advantage of the specified procedures to complete the evidentiary record in the trial court only to follow similar procedures at the appellate level. Her actions (or lack thereof) throughout this case self-demonstrate why this appeal lacks merit. We affirm the trial court's decision.

**Background**

{¶ 2}   This case began when Klein sued Thiemann for purportedly unpaid work and stolen business funds.[1] The matter proceeded to a bench trial before a magistrate in July 2023. Due to a "technical issue," the first day of the bench trial was not recorded. On the second day of trial, the magistrate offered to recall witnesses from the first day of trial. However, the parties declined this offer and represented to the court they would attempt to enter into a stipulation regarding the first day of testimony. Unable to reach a joint stipulation, trial counsel for both Klein and Thiemann submitted closing arguments to the magistrate via email on August 25, 2023, less than one month after the trial. Thiemann's appellate briefing states, "The bulk of the evidence referenced in [Thiemann's] written closing argument was based on testimony that occurred the first day of trial."[2] The magistrate did not issue a decision until October of 2024, approximately 15 months after

---

1. The underlying causes of action and facts are not important for the issue presented in this appeal.

2. The post-trial briefs were not originally filed with the clerk after the magistrate told counsel they did not need to be. However, on January 16, 2025, Klein's counsel filed an affidavit of the August 25, 2023 email thread between the magistrate and counsel for the parties wherein each side submitted their arguments to the magistrate. A copy of Thiemann's closing argument, also dated August 25, 2025, was filed with this court on December 19, 2025.

the trial (the "Magistrate's Decision"). Because the parties did not reach a stipulation of facts for the first day of trial, the Magistrate's Decision summarized that day's testimony. Ultimately, the magistrate awarded Klein $233,554.95 in compensatory damages and $50,000 in punitive damages.

{¶ 3} Thiemann subsequently filed objections to the Magistrate's Decision, but only one specific objection is relevant to this appeal. Thiemann asserted her "due process right to [a] fair trial [was] violated by the undue delay between the trial date and the issuance of the decision and [resulted in] the trial court's inability to do a proper, independent review of the record" as required by Ohio law. The trial court overruled this objection, concluding "[t]he record before the Court allows it to conduct an independent review" of the Magistrate's Decision and Thiemann's objections. The court overruled Thiemann's other objections as well and ultimately adopted the Magistrate's Decision in full.

{¶ 4} This appeal followed, and Thiemann filed a "statement of the evidence" pursuant to App.R. 9(C)(1) with the trial court to complete the record for our view. This will be discussed in further detail below. While Klein filed objections to Thiemann's statement, the magistrate settled and approved a statement of evidence which the trial court adopted, completing the record for our review.

## Standard of Review

{¶ 5} "A trial court's decision to modify, affirm, or reverse a magistrate's decision lies within its sound discretion and should not be reversed on appeal absent an abuse thereof." *Eastbrook Farms, Inc. v. Warren Cty. Bd. of Revision*, 2011-Ohio-2103, ¶ 15 (12th Dist.). The trial court abuses its discretion if its decision was "unreasonable, arbitrary, or unconscionable." *Ostigny v. Brubaker*, 2024-Ohio-384, ¶ 20 (12th Dist.). However, questions of law, including the interpretation and implementation of the Ohio

Rules of Civil Procedure, are reviewed de novo. *See Batsche v. Batsche*, 2024-Ohio-1234, ¶ 41 (12th Dist.), *Anderson v. Bright Horizons Children's Centers, LLC*, 2022-Ohio-1031, ¶ 89 (10th Dist.).

**Applicable Law**

{¶ 6}   "Where a matter is referred to a magistrate, the magistrate and the trial court must conduct the proceedings in conformity with the powers and procedures conferred by Civ.R. 53." *Hart v. Spenceley*, 2013-Ohio-653, ¶ 11 (12th Dist.). Proceedings with a magistrate are to be recorded in the same manner as established by the court. Civ.R. 53(D)(7). Parties may file an objection to the decisions of a magistrate, and if a party does, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Id.* at (C)(4)(d). Objecting parties must support their objection with "a transcript of all the evidence submitted to the magistrate relevant to that finding *or an affidavit of that evidence if a transcript is not available*." (Emphasis added) Civ.R. 53(D)(3)(b)(iii).

{¶ 7}   But when an objecting party fails to provide the trial court with the transcript or affidavit required under the rules, a trial court is limited to reviewing the magistrate's "conclusions of law and recommendations, in light of the accompanying findings of fact." *Vogel v. Campanaro*, 2021-Ohio-4245, ¶ 30 (12th Dist.); *Heitmeyer v. Arthur*, 2022-Ohio-4230, ¶ 12 (3rd Dist.) (finding trial court cannot address merits of factual objection when objecting party fails to provide all materials needed to review that objection). This makes sense. After all, in any trial, factual conclusions must rest upon actual evidence presented to the trier of fact. *See* Civ.R. 56(C) (requiring summary judgment if "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact" show no genuine issue of material fact). It stands

- 4 -

to reason that a trial court cannot rely upon a party's bare assertion of objections without countervailing evidence to support those objections. *See also Miami Valley Construction Group LLC v. Thompson*, 2021-Ohio-4358, ¶ 15 (12th Dist.) ("The affidavit of evidence thus permits the trial court to conduct an independent review of the magistrate's decision if a transcript of the proceedings is unavailable.").

{¶ 8} Ohio Appellate Rules similarly provide that "if a transcript is unavailable . . . [an] appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C)(1). While "App.R. 9(C) applies to appeals and Civ.R. 53(D)(3)(b)(iii) applies to objections to a magistrate's decision . . . [these] rules provide substantially similar procedures for producing a record of proceedings when one is otherwise unavailable." *Miami Valley Construction* at ¶ 17.

**Analysis**

{¶ 9} Thiemann argues she was denied a fair trial and should be granted a new one. The crux of Thiemann's argument is that "without any sort of contemporaneous record of facts regarding what was testified to at trial, [courts of review are] unable to fulfill [their] role of making a completely independent review of the record, giving no deference to the magistrate." Thiemann contends that "[u]ltimately, the question that must be answered is whether there is an adequate remedy for reconstructing the record when there is a 15-month delay between the trial and the issuance of the magistrate's decision."

{¶ 10} The answer to Thiemann's inquiry is Yes—an adequate remedy specifically exists to solve this very kind of factual puzzle. Ohio's civil rules dictate exactly what the parties can do to remedy an incomplete record when objecting to a magistrate's decision—file "an affidavit of [the] *evidence*" that was submitted to the magistrate and is relevant to the disputed issue of fact. Civ.R. 53(D)(3)(b)(iii). Nonetheless, Thiemann complains she could not effectively prepare such an affidavit because "parties cannot be

expected to confidently recount details from one specific day of trial 15 months after the trial occurs, nor could the trial court have any confidence in the reliability of what is being submitted pursuant to that affidavit." But review of what actually happened during and after the trial casts bright, disinfecting sunshine on the shadowy evidentiary corners allegedly at issue here.

{¶ 11} Thiemann's arguments assume that an effective affidavit of evidence can only be prepared by memory after promptly issued decisions. Not so. Immediately upon discovering a technical glitch resulted in a failure to record the first day of trial, the magistrate offered to recall all the witnesses for a "do-over" of that day's testimony. Retrying the first day would have eliminated the problem entirely. Both parties declined that offer. Instead, the parties agreed to proceed with the trial and provide the magistrate with a joint stipulation of evidence from the first day of trial. Unable to reach an agreement, each side submitted closing arguments just one month after the trial, referencing evidence from the first day of trial to support their respective arguments. In fact, Thiemann asserts on appeal that "[t]he bulk of the evidence referenced in Appellants' written closing argument was based on testimony that occurred the first day of trial." Therefore, when the magistrate handed down its decision 15 months after trial, Thiemann had the ability to fashion a reliable affidavit of evidence from each side's closing arguments (which were again, submitted within a month of trial) as well as the decision.

{¶ 12} The record before this court shows Thiemann chose none of these options. That choice had consequences. Because Thiemann did not file an affidavit of evidence with the court within 30 days of filing her objections to the Magistrate's Decision, the trial court had to accept the magistrate's factual findings, limiting its review to the magistrate's legal conclusions. *Vogel*, 2021-Ohio-4245, at ¶ 30 (12th Dist.). We fail to see why this court should remand this case for a new trial when Thiemann did not utilize any of the

solutions afforded to her by the magistrate and the Rules of Civil Procedure to remedy the evidentiary problem she complains of.

{¶ 13} In addition, none of the cases Thiemann cites to this court support her argument that the trial court could not conduct a full and independent review of the record pursuant to Civ.R. 53(D)(4)(d). *See generally Inman v. Inman*, 101 Ohio App.3d 115 (2nd Dist. 1995); *Wade v. Wade*, 113 Ohio App.3d 414 (11th Dist. 1996); *In re B.E.*, 2004-Ohio-3361. *Inman* had nothing to do with an unavailable transcript, a missing affidavit of evidence, or a magistrate's alleged delay in issuing an opinion. Instead, the Second District Court of Appeals held that evidence in the record affirmatively demonstrated that the trial court entered a form decision before it could possibly have conducted a proper independent review of the voluminous record before it, including consideration of whether arguably inadmissible evidence should have been relied upon. *See Inman* at 120. As a result, our sister court concluded it could not even determine whether the trial court abused its discretion in adopting the decision of the court referee.[3]

{¶ 14} *Wade* involved parental objections to a referee report concerning child support modifications. The Eleventh District Court of Appeals held that the trial court's consideration of a father's objections to a referee's report concerning modification of child support obligations was "unreasonable" because the father submitted "obviously deficient and inadequate partial transcripts" to the trial court to address his fact-based objections, despite the fact that *full transcripts were available* (unlike in our case). *See Wade* at 417-419. As a result, the court of appeals determined the trial court abused its discretion and remanded the case for further proceedings. *Id.* at 421.

---

3. Magistrates were previously referred to as referees in Civ.R. 53. *Id.* at fn. 1, *Becher v. Becher*, 2020-Ohio-669, fn. 1 (8th Dist.); *In re Chapman*, 1997 WL 194879, *2, fn. 1 (12th Dist. Apr. 21, 1997).

{¶ 15} *In re B.E.* involved a mother losing permanent custody of her child. The permanent custody hearing "was tape-recorded, but . . . the transcript of the proceedings end[ed] abruptly during the testimony" of the mother. *In re B.E.* at ¶ 2. Seeking to complete the record for the court of appeals, the mother's attorney filed a document stating he had attempted to comply with App.R. 9(C) but could not do so because "neither trial counsel recollected the missing testimony." *Id*. at ¶ 16. The Supreme Court of Ohio ultimately held that "when a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant *attempts* but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." (Emphasis added). *Id.* at ¶ 16.

{¶ 16} As discussed above, Thiemann made *no attempt* to supplement the record via Civ.R. 53(D)(3)(b)(iii) for the trial court. Furthermore, there is no indication as to when the parties and court in *In re B.E.* identified the recording error and what, if any, options were provided to the litigants to correct the error before the trial court rendered its decision and made the case ripe for appeal. *See generally, id.* Here, Klein, Thiemann, and the magistrate immediately identified the error and proposed multiple solutions to remedy it, including simply recalling all witnesses whose testimony was not recorded. Again, Thiemann chose none of the options available after learning of the recording error and before the magistrate issued its decision. Even with that being the case, the parties and the trial court still reconstructed the record and submitted a statement of the evidence for our review in this appeal, *over two years after the trial. See* App.R. 9(C). Thiemann's assertion that "recreation of the record with any degree of confidence is impossible"

ignores that is exactly what was accomplished here.[4]

{¶ 17} We overrule Thiemann's single assignment of error.

## Conclusion

{¶ 18} The magistrate's delay in issuing its decision may not have been ideal.[5] However, such delay did not hinder Thiemann's ability to proactively take and maintain efforts to preserve the evidentiary record via Civ.R. 53(D) (and later App.R. 9[C]) after the magistrate and the parties realized the first day's proceedings were not recorded. As a result, we conclude the trial court did not abuse its discretion in adopting the Magistrate's Decision.

{¶ 19} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.

---

4. This court is perplexed as to why, after having availed herself of this record recreation process, Thiemann failed to assign any substantive errors to the trial court's legal analysis (assuming no other procedural bars prevented her from doing so). Regardless, we can only decide arguments actually asserted on appeal. App.R. 12(A)(2) and 16(A)(7).

5. The Supreme Court of Ohio suggests that "[a]ll cases submitted for determination after a court trial shall be decided within ninety days from the date the case was submitted." Ohio Sup. R. 40(A)(2). "While this rule neither creates nor takes away any substantive or procedural rights . . . it does serve as a useful guideline to promote "prompt disposition of all causes, at all times, in all courts of this state." *State v. Creech*, 2024-Ohio-5245, ¶ 61 (12th Dist.), quoting Sup.R. Preface. *See also State v. Akladyous*, 2023-Ohio-3105, ¶ 33 (12th Dist.).

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Melena S. Siebert, Judge*