[Cite as *Gay v. Gay*, 2012-Ohio-5534.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TIFFANY R. GAY | : | |
| | : | Appellate Case No. 25000 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-DR-1128 |
| v. | : | |
| | : | |
| AARON A. GAY | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

TIFFANY R. GAY, 1812 Kensington Drive, Dayton, Ohio 45406
        Plaintiff-Appellee, *pro se*

AARON A. GAY, 3031 Garvin Road, Apartment H, Dayton, Ohio 45405
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Aaron Gay appeals from a divorce judgment rendered by

the Montgomery County Common Pleas Court, Division of Domestic Relations.  Mr. Gay

contends that the trial court erred with regard to the division of debt.   He further contends that

he should be awarded certain items of personal property.

{¶ 2} Mr. Gay has failed to submit a transcript of the hearing held before the trial court. Therefore, he cannot overcome the presumption of regularity, and we must presume that the evidence before the trial court supported the findings of fact and conclusions of law set forth in the judgment. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} Tiffany and Aaron Gay were married in November 2009. Ms. Gay brought this action for divorce in October 2010. Mr. Gay filed an answer and counterclaim. The parties have no children born of the marriage. The matter was tried to the court in September 2011.

{¶ 4} Following the hearing, the trial court issued a Final Judgment and Decree of Divorce. Of relevance hereto, the trial court found that the "parties do not have any joint debt." The trial court ordered each party to pay the individual debts in their respective names. The trial court also found credible Ms. Gay's testimony that the debts owed to Verizon, Vectren and DP& L were incurred after she left the marital residence. Therefore, the trial court assigned those debts to Mr. Gay. Finally, the trial court also assigned the debt owed on a Saturn Vue vehicle to Mr. Gay, finding that members of Mr. Gay's family had the car removed from Ms. Gay's residence and never returned it to her.

{¶ 5} Mr. Gay appeals.

## II. In the Absence of a Transcript of the Hearing in the Trial Court,
### We Cannot Determine that the Judgment of the Trial Court

**is Against the Manifest Weight of the Evidence**

{¶ 6}     Mr. Gay fails to set forth any assignments of error, as required by App.R. 16(A)(3).  After reviewing the argument in his brief, we infer the following assignment of error:

> THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7}     Mr. Gay argues that the trial court erred by assigning to him the debts owed to Verizon, DP&L and the debt owed on the Saturn Vue.  Mr. Gay also argues that Ms. Gay should be responsible for one-half of a debt owed to Value City Furniture.   However, there is nothing in the record before us to indicate that either party owes a debt to Value City Furniture.   He further contends that Ms. Gay should be ordered to give him a "comforter set and microwave given by his family," as well as "music cd's that where [sic] in the apartment valued at $250.00."

{¶ 8}     Mr. Gay has failed to provide a transcript of the proceedings before the trial court, as required by App.R. 9(B).   Indeed, a review of the notice of appeal and the Civil Docketing Statement filed by Mr. Gay indicates that he failed to request a written transcript of the hearing before the trial court.   Thus, we have no way to review the evidence presented to the court and we cannot conclude that the evidence fails to support the trial court findings with regard to the subject debts, or that those findings are against the manifest weight of the evidence.   Although Mr. Gay has attached documents to his appellate brief that he contends support his claims, we cannot determine, in the absence of a transcript, whether these documents were presented in evidence.   We cannot, therefore, consider these documents in determining whether the trial court's findings are against the manifest weight of the evidence

or are unsupported by the evidence.

{¶ 9}   With regard to Mr. Gay's contention that Ms. Gay should provide certain items of personal property to him, we note that the trial court made the following ruling with regard to the parties' personalty:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [Ms. Gay] will provide [Mr. Gay] with 1/2 of the silverware, glasses and dishes within 30 days of the filing of the Final Judgment and Decree of Divorce.   All other personal property has been equitably divided.

{¶ 10}   The trial court further stated that it found credible Ms. Gay's testimony that she had no other personal property belonging to Mr. Gay.

{¶ 11}   Again, without the benefit of a transcript of the hearing, we cannot find that this provision in the decree is against the manifest weight of the evidence or is unsupported by the evidence.

{¶ 12}   Mr. Gay's sole assignment of error is overruled.


### III.   Conclusion

{¶ 13}   Mr. Gay's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Tiffany Gay
Aaron Gay

[Cite as *Gay v. Gay*, 2012-Ohio-5534.]
Timothy D. Wood