[Cite as *State v. Quillen*, 2020-Ohio-4337.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

    Appellee

v.

Jesse Quillen

    Appellant

Court of Appeals No. S-19-038

Trial Court No. 10 CR 1112

**DECISION AND JUDGMENT**

Decided:  September 4, 2020

* * * * *

Jesse Quillen, pro se.

* * * * *

**MAYLE, J.**

## Introduction

{¶ 1} In 2010, the defendant-appellant, Jesse Quillen, pled guilty to attempted unlawful sexual conduct with a minor.  The Sandusky County Court of Common Pleas sentenced him to a prison term and classified him as a Tier I sex offender.

**{¶ 2}** On April 18, 2019, Quillen filed a motion to have his sex offender classification vacated. He argued that, prior to classifying him as a Tier I sex offender, the trial court was required to hold a hearing to determine whether the victim consented to Quillen's unlawful sexual conduct. He argued that he could not be classified as Tier I sex offender because the trial court did not make the necessary prerequisite finding regarding lack of consent. The trial court denied the motion, and Quillen filed this accelerated appeal. As set forth below, we affirm.

## Procedural History

**{¶ 3}** Quillen was indicted on October 10, 2010, on a single count of "unlawful sexual conduct with a minor," in violation of R.C. 2907.04, a fourth-degree felony. By agreement of the parties, the charge was amended, and Quillen pled guilty to "attempted unlawful sexual conduct with a minor," in violation of R.C. 2907.04(A) and 2923.02, a fifth-degree felony. Quillen's written plea agreement included an acknowledgment that he "[would] be required to register as a sex offender pursuant to R.C. Chapter 2950."

**{¶ 4}** The trial court sentenced Quillen on March 15, 2011, to a prison term of 12 months, to be served consecutively to the sentence imposed in a different case (Sandusky County Court of Common Pleas case No. 11CR96), for an aggregate sentence of 30 months in prison. The sentencing entry specified that Quillen "is to be classified pursuant to R.C. 2950 as a Tier #1, registered sex offender [and that he has been] provided with the written notification of his classification and acknowledged his

2.

responsibility."  In a separately filed "Explanation of Duties to Register as a Sex Offender," Quillen acknowledged that, as a Tier I sex offender, he was subject to in-person verification, annually, for a period of 15 years.

{¶ 5} Quillen did not appeal his conviction or sentence.

{¶ 6} On April 18, 2019, Quillen filed a motion to vacate his Tier I sex offender classification.  Quillen argued that, under R.C. 2950.01(E)(1)(b), he could not be classified as a Tier I sex offender, as that term is defined, unless the trial court first held a hearing and found that the victim "did not consent to the sexual conduct."[1]  In the absence of any such finding, Quillen argued that his sex offender classification must be vacated.  The state objected to the motion on timeliness grounds.

---

[1] R.C. 2950.01(E) defines a "Tier I sex offender" as any of the following:

> (1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses: * * *  (b) A violation of section 2907.04 of the Revised Code when the offender is less than four years older than the other person with whom the offender engaged in sexual conduct, *the other person did not consent to the sexual conduct*, and the offender previously has not been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code; * * * (h) Any attempt to commit * * * (E)(1)(b) * * of this section. (Emphasis added).

*See, e.g. State v. Harding*, 2d Dist. Greene No. 2012-CA-18, 2012-Ohio-4444 (Holding that additional fact finding was required in order to designate the defendant as a Tier I sex offender and further that the defendant, in that case, had a Sixth Amendment right to have a jury make the finding).

3.

**{¶ 7}** By order dated June 24, 2019, the trial court denied Quillen's motion without comment, and Quillen appealed, pro se. The state did not file a brief in support of the judgment. Quillen raises a single assignment of error for our review:

Trial court erred by denying Mr. Quellen's emergency request to vacate Tier 1 registar requirments since the issue of consent was never determined. [sic]

### Law and Analysis

**{¶ 8}** Although Quillen did not style his motion as a petition for postconviction relief, the Supreme Court of Ohio has stated that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus, *limited by State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522 (Excluding motions to withdraw a guilty plea). The standard is "equally applicable" where no direct appeal of a criminal conviction is taken. *State v. Wright*, 2005-Ohio-4171, ¶ 28 (6th Dist.). Thus, we find that Quillen's motion to vacate his Tier I classification was a petition for postconviction relief under R.C. 2953.21.

**{¶ 9}** We review a trial court's decision granting or denying a postconviction relief petition under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion" connotes more than a mere

4.

error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Darby v. A-Best Prod. Co.*, 102 Ohio St.3d 410, 2004-Ohio-3720, 811 N.E.2d 1117, ¶ 13.

{¶ 10} Pursuant to R.C. 2953.21(A)(1), a convicted defendant "who claims there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 11} There is, however, a strict statutory deadline for filing a petition for postconviction relief. Under the prior version of the statute, in effect at the time of Quillen's sentencing, "[i]f no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *See* Former R.C. 2953.21(A)(2); *see, e.g., State v. Clay*, 7th Dist. Mahoning No. 17MA0113, 2018-Ohio-985, ¶ 7. Effective March 23, 2015, the number of days changed from 180 to 365. R.C. 2953.21(A)(2). "The version of the statute in effect at the time [the defendant] committed the underlying offense sets forth the time requirements for filing a petition for post-conviction relief." *State v. Settles*, 3d Dist. Seneca No. 13-17-09, 2017-Ohio-8353, ¶ 9. Accordingly, Quillen was required to file his petition within 180 days after the time for filing an appeal expired.

5.

{¶ 12} Given that the trial court's judgment entry of conviction was journalized on March 15, 2011, Quillen's time to appeal expired on April 14, 2011. *See* App.R. 4. Thus, under the former version of R.C. 2953.21(A)(2), Quillen was required to file any petition for postconviction relief by October 11, 2011. Quillen filed his "motion to vacate Tier I classification" on April 18, 2019—more than seven years beyond the deadline. Quillen's petition was, therefore, untimely.

{¶ 13} Under R.C 2953.23(A)(1), "a court may not entertain a[n] [untimely] petition * * * unless" (a) the petitioner shows (i) he was unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief or (ii) after the time expired, the United States Supreme Court recognized a new federal or state right that applies retroactively and the petition asserts a claim based on that right; and (b) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense. Quillen does argue that any of these specific, limited exceptions of R.C. 2953.23(A)(1) exist. Accordingly, the trial court was statutorily prohibited from entertaining Quillen's untimely petition. For this reason, we find that the trial court did not abuse its discretion in denying it.

{¶ 14} Moreover, we note that Quillen failed to provide this court with transcripts of the plea or sentencing proceedings. The duty to provide a transcript for appellate review falls upon the appellant. *See* App.R. 9(B)(3) (The appellant "shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial

6.

court."). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* at 199.

{¶ 15} In this case, Quillen argues that necessary fact-finding did not occur at the trial level, but without the transcripts, we cannot evaluate the substance of his claim. Therefore, even if Quillen's petition was not time-barred, we must presume that the trial court reached the proper result, in the absence of any evidence to the contrary. For these reasons, Quillen's assignment of error is found not well-taken.

**Conclusion**

{¶ 16} Quillen's petition for postconviction relief was more than seven years overdue, and Quillen fails to argue that there is any basis to excuse this delay under R.C. 2953.23(A)(1). Further, even if the petition had been timely filed, his failure to file the trial transcripts prevents this court from reviewing the merits of his claim.

{¶ 17} Therefore, Quillen's assignment of error is found not well-taken, and the trial court's June 24, 2019 judgment entry is affirmed. Costs of this appeal are assessed to Quillen pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____
                                                               JUDGE

Thomas J. Osowik, J.

                                                      _____

Christine E. Mayle, J.                                JUDGE
CONCUR.

                                                               _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.