[Cite as *Erie Cty. Bd. of Commrs. v. Dunn*, 2024-Ohio-5973.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Board of Erie County Commissioners, et al. | Court of Appeals No. E-24-027 |
| Appellees | Trial Court No. 2024 CV 0128 |
| v. | |
| Robert N. Dunn, II | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 20, 2024 |

* * * * *

Charles W. Bennett, for appellees.

Robert N. Dunn, II, pro se.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on the pro se appeal filed by appellant Robert Dunn[1] from the April 18, 2024 judgment of the Erie County Court of Common Pleas, which granted appellees, Board of Erie County Commissioners and Board of Trustees of Vermilion Township (jointly Boards) a preliminary injunction against Robert and Jessica Dunn. For the reasons that follow, we affirm the trial court's judgment.

---

[1] The appeal was initially filed by Robert Dunn on behalf of both himself and his wife, Jessica Dunn. However, we found this constituted the unauthorized practice of law and ordered that the appeal would proceed only as to Robert.

## Assignments of Error

### Assignment of Error Number 1[2]

The trial court erred in granting plaintiffs a temporary and preliminary injunction because the evidence did not establish any harm to plaintiffs and the court applied the wrong standard.

### Assignment of Error Number 2

The Trial Court Erred in Judgement by referencing evidence in it's Judgement entry provided by the appelles' that was stricken from the record. [sic]

### Assignment of Error Number 3

The Trial Court's Third Assignment of Error challenge's the Trial Court' issuance granting a Preliminary Injunction against the appellants' and requiring the appellants' to remove dirt from their private land and applying zoning violations that the appellants' are exempt from under O.R.C. 303.21(A) and 519.21(A). [sic]

### Assignment of Error Number 4

In their fourth assignment of error, appellants assert that the trial court's finding that the ditch traversing appellants' property was a natural waterway rather than a "private ditch" is against the manifest weight of the evidence.

---

[2] The assignments of error are directly quoted from Robert's brief.

Assignment of Error Number 5

In their fifth assignment of error, appellants assert that the trial court's finding that the Defendant's [sic] have violated - intentionally - R.C. 5589.06 by blocking the Culvert building a dam, and refusing an easement to divert water from their property lacks merit and/or is a misinterpretation of the facts.

**Background**

{¶ 2} On March 26, 2024, the Boards filed a complaint against the Dunns requesting injunctive relief, abatement of a zoning code violation, and costs. The complaint alleged that the Dunns were filling a culvert on their property located in Vermillion Township, Erie County, Ohio, with rocks and dirt which violated R.C. 5589.06, created a public nuisance, caused flooding of an adjacent road, and flooding/standing water on neighboring properties. According to the complaint, Robert was issued a zoning citation from the Board of Trustees of Vermilion Township for failing to obtain a permit and a Notice of Violation from the United States Army Corps of Engineers for "diverting or interfering with the natural flow of [w]ater of the United States."

{¶ 3} On April 4, 2024, the Boards filed a request for temporary restraining order, requesting that Robert Dunn (Jessica Dunn had not been served yet) be enjoined from refilling the area that had previously been dammed, but which had "fallen away." An evidentiary hearing was held on the motion, after which, the trial court entered its

3.

judgment entry on April 18, 2024. In its judgment entry, the court noted that the hearing took place on April 16 and 17, 2024, and the board presented five witnesses and at least twelve exhibits which were admitted, Robert presented two witnesses, including Jessica, and presented thirteen exhibits which were admitted, and Jessica presented one witness (Robert) and one exhibit which was admitted.

{¶ 4} Before addressing the substance of the hearing, the court determined that, as the hearing was not ex parte, and all parties appeared and participated, it would consider the request a request for a preliminary injunction rather than a temporary restraining order. The court then granted the Boards a preliminary injunction and ordered that the Dunns "[u]nblock, clear, remove and reverse all dirt, rocks, debris, etc." which they placed into or in front of the culvert or in the right of way north of the culvert or which comprises a "large mound of dirt that they are responsible for erecting which diverts water from their own property to just North of the Right of Way at 12809 Cherry Road… without a permit…" The court also ordered the Dunns to restore the culvert and the right of way north and south of it to "the way it existed prior to August 1, 2023," to be in compliance with certain Vermillion Zoning Codes and R.C. 5589.06 and to "be prevented from re-filling the area where the dam previously built, but now has failed."

{¶ 5} Robert appealed. He filed a praecipe in which he requested that the clerk of court not include a transcript when it prepares the record for appeal. Robert then filed his brief, and the Boards responded with a motion to strike for failure to include a transcript of the hearing. We determined that this motion to strike was untimely and treated the

4.

motion as a motion to supplement the record and gave the Boards ten days to advise the court as to whether they wanted to supplement the record with transcripts. Initially the Boards filed an application for the court to order Robert to obtain a transcript, but later filed a notice that they would not be supplementing the record.

{¶ 6} Robert also filed a motion requesting a stay of execution of the judgment pending appeal, which we granted on September 25, 2024.

**Analysis**

{¶ 7} Preliminarily, we must address Robert's failure to provide us with a transcript. The Boards contend that we must find assignments of error 1, 2, 4 and 5 not well taken as no transcript was provided.

{¶ 8} Because it is Robert's burden to show error by reference to matters in the record, it is his duty to provide us with a transcript of the proceedings. *State v. Quillen*, 2020-Ohio-4337, ¶ 14 (6th Dist.). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*, quoting *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980).

{¶ 9} Here, Robert did not order a transcript, which also would have included the exhibits from the hearing. *See* App.R. 9(B)(6)(g). We note that Robert has attached exhibits to his reply brief, however, without the transcript, we cannot determine whether

5.

those documents were presented into evidence.[3] *See Gay v. Gay*, 2012-Ohio-5534, ¶ 8 (2d Dist.).

{¶ 10} Without a transcript and the exhibits, we must presume the validity of the trial court's decision as we find that the transcript is necessary for resolution of Robert's assigned errors. Although the Boards have excluded the third assignment of error from their argument pertaining to the lack of a transcript, we find that this assignment of error also cannot be considered without the transcript and exhibits. Robert's argument with respect to this assignment of error contends that the court erred in applying zoning violations to him and not finding that his land is excluded from the zoning regulations as his land is zoned agricultural and being used for farming and timber. In support of this argument, Robert states that his "land has been zoned agricultural for the entire four years that [the Dunns] have owned it, it was zoned agricultural for generations prior to their purchase, and it is registered with the United States Department of agriculture *as supported by evidence submitted to the Trial Court.*" (Emphasis added.) Moreover, in the appealed order, the court references evidence adduced at the hearing when concluding that the Dunns failed to exhaust their rights under the administrative appeals process relating to the zoning citations. Therefore, the transcript and exhibits are necessary for us to consider this assignment of error, and without such, we must presume the validity of the trial court's judgment.

---

[3] Some of these documents were also attached to the Dunns' answer. However, the answer was filed after the hearing had been held and does not provide any evidence that these documents were before the court at the hearing.

6.

**{¶ 11}** Consequently, we find Robert's assignments of error not well-taken.

**Conclusion**

**{¶ 12}** The judgment of the Erie County Court of Common Pleas is affirmed. The stay issued by this court on September 25, 2024, of the April 18, 2024 judgment is withdrawn. Pursuant to App.R. 24, Robert is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.