[Cite as *Baker v. Walmart Corp.*, 2025-Ohio-1806.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Sherry J. Baker, et al., | Court of Appeals No. L-24-1157 |
| Appellants | Trial Court No. 24CVI00265 |
| v. | |
| Walmart Corporation | **DECISION AND JUDGMENT** |
| Appellee | Decided: May 20, 2025 |

* * * * *

Sherry J. Baker and William M. Baker, Jr., pro se appellants.

Molly E. Davis, for appellee.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellants, Sherry and William Baker, pro se, from the June 6, 2024 order of the Small Claims Division of the Oregon Municipal Court. For the reasons that follow, we affirm.

# Assignments of Error[1]

Assignment of Error No. 1

The trial court committed prejudicial and reversible error in deciding that Appellant had not significant damages because only compensatory damages could be recovered. No damage could be recovered and the $4000 damages were not exemplary not punitive. The trial court relied on a jurisdiction interpretation of ORC 1925.02 as significant to its interpretation that its jurisdiction would only allow compensatory damages.

Assignment of Error No. 2

The trial court committed prejudicial and reversible error by not accepting Appellant claim based on discrimination and that Appellant claim was justified based on their claim of $4000, which was the amount well within the court's jurisdiction in light of the claim made and against the Appellee for discrimination, including claims.

Assignment of Error No. 3

The trial court committed prejudicial and reversible error by not deciding for Appellant, based on Appellee not making an assessment to Sherry (member of Appellant party) or disagreeing with anything the Appellant attested to and alleged.
These facts show that the Appellee were/are guilty of theft of what the Appellant said for the oil change and of what Appellant paid for the oil filters when he bought it the first day it was not installed and the second filter installed at least one month later after the Appellees replacement of the oil. There is a clear breach of contract Appellee had with Appellant.

Assignment of Error No. 4

The trial court committed prejudicial and reversible error by not considering the Appellee committed a theft while falsely taking the Plaintiff/Appellant money without providing any goods or services.

---

[1] These assignments of error are directly quoted from the Bakers' brief.

Assignment of Error No. 5

The trial court committed prejudicial and reversible error in deciding that defendant had not done any tort willfully or wrongful intentional deliberate acts and directed towards the appellants is a finding against the weight of the evidence. Everything defendant did to the appellants having appellant to leave defendants facility to procure a filter which appellants did then purchased and brought back to and defendant took the filter and charged the appellants for the completed oil change which never occurred are all instances of mistreatment resulting in emotional distress. After the trial the appellants took their car for an evaluation. The estimate of damage to fix the appellants car is $2000. The estimate was not available during the trial.

## Background

{¶ 2} On April 12, 2024, the Bakers filed a complaint against Walmart Auto Care Center ("Walmart")[2] seeking $4,000 in damages they allegedly incurred as a result of an oil change they had paid for, and which Walmart represented had been done, but which the Bakers later determined had not been completed.

{¶ 3} The matter came before the trial court for a hearing on May 30, 2024, and on June 6, 2024, the trial court issued its opinion. In its opinion, the trial court explained that William had testified that he brought his vehicle in to Walmart for an oil change, that he was advised that Walmart did not have the correct oil filter for his vehicle, so William purchased an oil filter at an AutoZone and Walmart then completed the oil change with the filter William purchased from AutoZone. William further testified that he checked the oil about a month later and found the

---

[2] We note that the Bakers listed "Walmart Corporation" as the defendant/appellant on their notice of appeal, and thus, that is the entity referred to in the caption here. However, in the trial court, the defendant was listed as "Walmart Auto Care Center" on the complaint.

3.

oil to be dirty. William suspected the oil had not been changed, so he took his vehicle back to Walmart. Walmart changed the oil at no cost, but did not replace the oil filter. William then took the vehicle to AutoZone where the filter was replaced.

{¶ 4} According to the trial court's order, the Bakers were seeking "$4,000 in damages for the inconvenience for having to return to Walmart for a second oil change."[3] The trial court noted that Walmart's counsel offered to reimburse the Bakers for the cost of the oil change, but they declined. The trial court then found that R.C. 1925.02 only allows for actual damages in a small claims proceeding and that the Bakers "did not incur monetary damages in the amount of $4,000.00." The trial court therefore denied the Bakers' request for judgment.

{¶ 5} The Bakers appealed the trial court's decision on June 21, 2024.

{¶ 6} On appeal, the Bakers initially requested in their praecipe that a partial transcript be included in the record. Then, on August 8, 2024, they requested a continuance to complete their brief and to get the transcript, although they also stated that due in part to their "poverty and indigency [they] cannot get the transcript of the trial and cannot pay to have the transcript transcribed…." On August 26, 2024, they filed a motion for a further continuance. In this second motion, the Bakers stated that the municipal court "refused to provide a transcript of the trial to the Appellants despite their poverty affidavit and indigency" and that, instead of providing them with a written transcript at no charge, the municipal court provided them with a

---

[3] Here, the Bakers dispute this, arguing that they are seeking damages due to discrimination, and damage to the vehicle as a result of the failure to complete the first oil change.

4.

flash drive. The Bakers could not find anything on the flash drive, but contacted the Naegeli Deposition and Trial, which agreed to examine the flash drive and then charge for the transcript's duplication, the cost of which the Bakers stated they did not have. They then requested an additional two weeks to file their brief.

{¶ 7} On September 3, 2024, a decision and judgment was filed in which we noted that the Bakers "opted not to prepare an App.R. 9(C) statement," but that the Bakers had secured a court reporter to prepare a transcript. The Bakers were ordered to provide an update as to the status of the transcript within 14 days of the decision. The Bakers' motions were held in abeyance. Instead of providing any status update regarding the transcript, the Bakers filed their brief on September 17, 2024. No transcript was filed. On October 15, 2024, a second decision was filed in which we deemed appellant's brief to be timely filed. Additionally, as appellants had not filed a transcript, we found their motion for extension of time to file a transcript to be not well-taken.

### Law and Analysis

{¶ 8} Preliminarily, we must address the Bakers' failure to provide a transcript. Because it is the Bakers' burden to show error by reference to matters in the record, it is their duty to provide us a transcript of the proceedings. *State v. Quillen*, 2020-Ohio-4337, ¶ 14 (6th Dist.). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id*., quoting *Knapp v. Edwards Labs*., 61 Ohio St.2d 197, 199 (1980).

5.

**{¶ 9}** Here, the Bakers contend they could not afford to provide a transcript. An indigent person is not entitled to a free transcript in a civil proceeding. *Salter v. Salter*, 1991 WL 132512, *2 (6th Dist. July 19, 1991). When an indigent appellant is unable to bear the cost of providing a transcript, a transcript is considered unavailable for purposes of App.R. 9(C), and an appellant has the option of preparing a statement of the evidence or proceedings in the manner set forth in App.R. 9(C). *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986). The Bakers did not provide such a statement of the evidence.

**{¶ 10}** Without a transcript, or an App.R. 9(C) statement of the evidence, we must presume the validity of the trial court's decision and affirm, as we find that a review of the testimony and evidence presented at the hearing is necessary for resolution of the Bakers' assigned errors.

**{¶ 11}** Accordingly, we find the Bakers' assigned errors not well-taken. The judgment of the Oregon Municipal Court is affirmed. Pursuant to App.R. 24, the Bakers are hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also*, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCURS.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.