[Cite as *In re Estate of Francis*, 2025-Ohio-1215.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:
THE ESTATE OF:

CASE NO. 5-24-25

DOMINIC M. FRANCIS

O P I N I O N

**Appeal from Hancock County Common Pleas Court
Probate Division
Trial Court No. 2022 ES 0456**

**Judgment Affirmed**

**Date of Decision:  April 4, 2025**

**APPEARANCES:**

   *Patrick A. Sadowski,* **Appellant**

**WILLAMOWSKI, J.**

{¶1} Attorney for the Estate of Dominic M. Francis, Patrick A Sadowski ("Appellant") brings this appeal from the judgment of the Court of Common Pleas of Hancock County, Probate Division, denying a portion of the requested attorney fees for administration of the estate. Appellant argues on appeal that the trial court erred by not considering the amount of non-probate work conducted on behalf of the beneficiaries when awarding attorney fees from the probate estate. For the reasons set forth below, the judgment is affirmed.

{¶2} Dominic M. Francis was employed as a Bluffton police officer when he was tragically killed in the line of duty on March 31, 2022. As there was no will, Ohio's intestacy laws applied and his heirs were his current wife and a biological child from a prior marriage. On December 6, 2022, the wife filed an application for authority to administer the estate and hired Appellant as the attorney. On January 17, 2024, Appellant filed a final and distributive account for the estate. The account indicated that the estate had paid Appellant attorney fees in the amount of $20,101.00. Appellant also filed an application for extraordinary attorney fees. This application indicated that the extraordinary fees were justified "due to unforeseen complications necessary to administer the Estate, particularly: (i) managing discord amongst the next of kin in an intestate proceeding; and (ii) navigating the numerous forms, benefits, and issues relating to a police officer killed

in the line of duty (none of which were considered probate assets)." Doc. 20. An attorney for the son of the decedent filed exceptions to the final account on February 9, 2024, alleging that the attorney fees were too high, and claiming that the attorney fee should be no more than $2,642.50.

{¶3} On June 3, 2024, the trial court entered judgment finding that the appropriate attorney fees for the probate estate should be $4,770.00. This included the amount of fees earned for work on the probate estate ($2,693.50) plus one-half of the fees earned for work done on both non-probate and probate assets (1/2 of $4,154.00 = $2,077.00). Based upon these findings, the trial court approved attorney fees in the amount of $4,770.00. Appellant filed a notice of appeal from this judgment and raises the following assignment of error on appeal.

> **The trial court erred as a matter of law when it failed to consider work associated with the identification and transfer of non-probate assets in awarding attorney's fees.**

{¶4} In the sole assignment of error, Appellant claims that the trial court erred by not considering the work he did to obtain non-probate assets when awarding attorney fees from the probate estate. If an administrator of an estate employs an attorney to assist in the administration of the estate, "reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration." R.C. 2113.36. The party proposing the attorney fees bears the burden of establishing that the fees are reasonable. *In re Stockmaster*, 2012-Ohio-41 (3d Dist.). "The determination of whether the attorney fees are reasonable and

the amount of those fees are matters within the probate court's discretion and will not be reversed on an appeal absent an abuse of that discretion." *Id*. at ¶ 15. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Coon v. OhioHealth Corp.*, 2023-Ohio-492 (3d Dist.).

{¶5} In this case, the local rules of the Court of Common Pleas of Hancock County, Probate Division provide the following regarding counsel fees.

A. Approval of Counsel Fees

Counsel fees will be approved at the time of final accounting so long as attorney fees are computed in accordance with the guidelines of the court and no exceptions are received. . . .

. . .

C. Guidelines

The Court has not and will not establish either maximum fees or minimum fees for services performed, but has established guidelines which are to be considered just and reasonable. Attorney fees shall not be allowed to attorneys representing fiduciaries who are delinquent in filing an account as required by [R.C. 2109.30] except for good cause shown.

Unless otherwise provided by law, or ordered by the Court an attorney may charge for his ordinary services an amount in accordance with the following schedule:

1. 5% of the value of all probate assets including real estate sold pursuant to [R.C. 2127] (value of real estate sold is sale price not appraised value; plus

2. 3% of the appraised value of the decedent's interest in real estate transferred but not sold pursuant to the above section including deeds in lieu of foreclosure; plus

3. In cases where the death precedes January 1, 2013; 2% of the first $20,000.00 plus 1% of the balance of all property subject to the Ohio Estate Tax which passes otherwise than under the decedent's will or the Statute of Descent and Distribution, such as joint and survivorship property, property in inter vivos trust, property subject to power of appointment, transfers in contemplation of death, annuities, pension or profit sharing plan benefits, and other non-probate property (but excluding life insurance proceeds where paid to the beneficiaries other than the decedent's estate).

4. *Non-probate assets will not be considered in the calculation for attorney fees for any estate with a date of death after January 1, 2013.*

Hancock County Probate Rule 71.1A (emphasis added).

**{¶6}** Reviewing the account, this would mean that the guidelines would recommend attorney fees of $2,642.50. However, in this case, Appellant and the administrator instead agreed to an hourly rate. The trial court made a finding that the hourly rate was appropriate and agreed to award that rate to all time allocated to the probate estate. The trial court noted that Appellant "kept meticulous records regarding his time, his work on probate and non-probate assets and a final total." Doc. 29 at 2. The trial court then used those records to calculate the attorney fees for work done for the probate estate based upon the agreed hourly rate. This Court does not find this method to be unreasonable, arbitrary, or unconscionable and notes that it resulted in an award of attorney fees higher than the guidelines would have provided.

**{¶7}** Appellant's argument is that the trial court should have included the attorney fees incurred in locating and transferring the non-probate assets. However,

the plain language of the local rules states that non-probate assets may not be considered when determining attorney fees for any estate. The trial court noted that attorneys can still collect fees for the work completed to obtain non-probate assets, it just cannot be paid from the probate estate. The majority of the fees come from work performed regarding non-probate assets.[1] Additionally, the majority of those assets overwhelmingly went to the fiduciary, who was the surviving spouse. A review of the final account shows that requiring the probate estate to pay the attorney fees for the non-probate assets results in the decedent's son from a prior marriage receiving none of the probate assets while the decedent's current spouse (the fiduciary) receives all of the probate assets. The account shows that the fiduciary would receive all of the assets totaling $80,850.00 while having to contribute $74,537.67 for a net receipt of $6,312.33. This includes the estate paying all of the attorney fees of $20,101. R.C. 2105.06(C) provides that the surviving spouse with one child of the decedent who is not also the child of the surviving spouse is entitled to receive the first $20,000, plus one-half of the net estate. Thus, under the calculations submitted to the probate court, the child would receive nothing.

{¶8} However, if the probate estate only pays the portion of the attorney fees resulting from work done on behalf of the probate estate, both the surviving spouse and the child of the decedent would receive a distribution. Using the $4,770.00

---

[1] The trial court stated that the entire requested "fee of $20,101.00 is divided as follows: probate issues $2,693.50; non-probate issues $11,729.50; both $4,154.00; other $964.00; and non-probate/other $560.00." June 3, 2024 Judgment Entry at 1-2. This division is not disputed on appeal.

attorney fee number, the contribution of the surviving spouse would be reduced as there would be fewer fees and expenses to cover. This would result in a distribution to the child as well as the surviving spouse. The trial court does not abuse its discretion by requiring attorney fees earned from work on non-probate assets to be paid by the party/parties receiving those assets rather than from the probate estate. The assignment of error is overruled.

{¶9} Having found no error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County, Probate Division is affirmed.

*Judgment Affirmed*

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/hls**