[Cite as *Homon v. Curtis*, 2025-Ohio-4322.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY


JAMES A. HOMON,

    PLAINTIFF-APPELLEE,

          CASE NO. 14-24-49

  v.

CASSIA D. CURTIS,

          OPINION AND
          JUDGMENT ENTRY

    DEFENDANT-APPELLANT.


Appeal from Union County Common Pleas Court
Juvenile Division
Trial Court No. 2020JG048

Judgment Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Decision: September 15, 2025


APPEARANCES:

    *Cassia Curtis*, Appellant

**MILLER, J.**

{¶1} Defendant-Appellant, Cassia D. Curtis ("Curtis"), appeals from the December 3, 2024 Judgment Entry of the Juvenile Division of the Union County Court of Common Pleas. In that judgment entry, the trial court ruled on four motions to show cause, two filed by Curtis and two filed by Plaintiff, James A. Homon ("Homon"). The trial court dismissed Homon's two show-cause motions; dismissed one of Curtis' show-cause motions in full; and dismissed Curtis' other show-cause motion in part. In the remaining part of the motion, the trial court found Homon to be in contempt of a prior order and sentenced him to pay $11.40 to Curtis.

{¶2} In addition to arguing that the trial court erred in not assessing court costs and attorney's fees arising out of the contempt proceedings against Homon, Curtis asserts several assignments of error that—as explained below—we reject because she failed to provide the transcript necessary for us to resolve those assignments of error. We affirm in part, reverse in part, and remand for the limited purpose of having the trial court address the issue of court costs.

I.     **ASSIGNMENTS OF ERROR**

{¶3} Curtis raises five assignments of error for our review:

**First Assignment of Error**

**The trial court erred as a matter of law and abused its discretion by not assessing all court costs arising out of the contempt proceedings against contemnor (Homon) and not requiring contemnor (Homon) to pay any reasonable attorney's fees of appellant (Cassia), as determined by the**

court, that arose in relation to the act(s) of contempt and thereby causes harm and prejudices appellant, her children, and their substantial rights.

### Second Assignment of Error

The trial court erred as a matter of law and abused its discretion in ruling contrarily to and failing to uphold and enforce Ohio public policy, established Ohio law, the parties' contractual agreement, and the court's controlling orders on requirements for order concerning health insurance coverage, thereby harmfully prejudicing the appellant, the child subject to this case, and their substantial rights.

### Third Assignment of Error

The trial court erred as a matter of law and abused its discretion in arbitrarily, capriciously, and inconsistently applying and/or enforcing only some of the plain language of the parties' contractual agreement – thereby failing to enforce its own orders, causing harm and prejudicial treatment toward the appellant, her children, and their substantial rights.

### Fourth Assignment of Error

The trial court erred as a matter of law and abused its discretion in abrogating the clearly established law of the case requiring strict adherence of all court orders by both parties. The trial court thereby harmfully prejudices the appellant, her children, and their substantial rights.

### Fifth Assignment of Error

The trial court erred as a matter of law and abused its discretion in failing to act in the child's best interest and ruling arbitrarily and contrarily on matters determined by applicable Ohio policy, statute, the parties' controlling court orders, and the parties' contractual agreement. Thereby, the trial court is harmfully prejudicing the appellant, her children, and their substantial rights.

## II.    DISCUSSION

{¶4} This drawn-out and contentious litigation arises from a custody complaint filed by Homon. Homon and Curtis have never been married. They entered into a Shared Parenting Plan ("SPP") concerning their minor child in 2021. Both Homon and Curtis have filed numerous motions over the course of years generally pertaining to the SPP and various court orders, including the show-cause motions decided in the judgment entry from which Curtis now appeals.

{¶5} We address the assignments of error out of order in a manner that facilitates our analysis. We initially point out that pro se litigants, like Curtis, must follow the same procedures as litigants represented by counsel. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10. Pro se litigants are presumed to have knowledge of the law and legal procedures, and they are held to the same standard as litigants who are represented by counsel. *Id.*; *State v. Marks*, 2024-Ohio-4863, ¶ 15 (3d Dist.) ("[g]enerally, a pro se defendant is held to the same standard of conforming to legal procedures as an attorney and is expected to abide by the rules of evidence and procedure—regardless of his or her familiarity with them").

### A.    Second, Third, Fourth, and Fifth Assignments of Error

{¶6} Curtis makes several arguments in her second, third, fourth, and fifth assignments of error. However, we are unable to reach the merits of such arguments because she failed to provide portions of the transcript necessary to resolve those assignments of error.

### 1.    Applicable Law

{¶7} An appellate court's review is limited to the record provided to it under the Ohio Rules of Appellate Procedure.  *Francis v. Francis*, 2010-Ohio-5659, ¶ 3 (9th Dist.); *see also* App.R. 9; App.R. 12(A)(1)(b).  "The duty to provide a transcript for appellate review falls upon the appellant." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also* App.R. 10.[1]  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.  "When arguing any factual matter, a transcript is necessary on appeal as Appellant bears the burden of demonstrating error by reference to matters contained within the record." *In re Adoption of H.T.*, 2018-Ohio-2806, ¶ 28 (3d Dist.).

### 2.    Analysis

{¶8} As the appellant, Curtis had the duty to provide a transcript for our review.  She acknowledges that the trial court "presided directly over the trials on" the show-cause motions.  (Appellant's Brief at 4).  Additionally, the trial court's December 3, 2024 Judgment Entry states it had "reviewed the testimony that was

---

[1] This duty is further set forth in our local rules.  Third Dist.Loc.R. 9(A) ("[i]t is the duty of the appellant . . . to arrange for the timely transmission of the record, including any transcripts of proceedings, App.R. 9(C) statement, or App.R. 9(D) statement, as may be appropriate, and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal").

presented on October 22, 2024" and indicates that the court relied on testimony in deciding the motions. Yet, Curtis concedes she did not provide us with a transcript, except for a single page from a hearing on November 5, 2024 concerning a procedural matter. (Appellant's Brief at 6).

{¶9} Assignments of error two through five each involve factual matters. Indeed, fact issues permeate these assignments of error, and Curtis makes numerous assertions and arguments pertaining to factual matters that underlie the issues presented. For example, she references the following in her summary of arguments on these four assignments of error, respectively: alleged "unrebutted evidence of Homon's repeated noncompliance"; Homon's alleged "repeated failures to exercise scheduled parenting time"; her own alleged "de minimis noncompliance" yet Homon's alleged "well-documented pattern of willful disregard for his court-ordered obligations"; and the trial court allegedly "excusing Homon from engaging with medical providers even when the[ir] child suffered an injury during his parenting time and permitting Homon to default on both financial and parental responsibilities without consequences." (*Id.* at 7-8). Curtis also contends that her motions to show cause were "supported by ample documentation and credible testimony." (*Id.* at 4).[2]

---

[2] Curtis' brief is laden with additional factual assertions we cannot verify absent a transcript of the trial court proceedings. It is unclear if this information was adduced in the trial court proceedings or was gratuitously incorporated as part of her arguments on appeal.

{¶10} Curtis asserts that providing us with a complete transcript was cost prohibitive. (Appellant's Brief at 6). However, as the Supreme Court of Ohio has explained, "[t]he narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an [indigent] appellant unable to bear the cost of a transcript." *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986); *see also Holmer v. Holmer*, 2008-Ohio-3228, ¶ 31-32 (3d Dist.). Curtis did not submit a narrative statement. *Francis,* 2010-Ohio-5659, at ¶ 4-7 (9th Dist.) (despite appellant's argument that he was indigent and thus could not afford to have a transcript prepared, the lack of a transcript or statement of the evidence prepared under App.R. 9(C) precluded review of appellant's ten assignments of error in his custody case).

{¶11} It is an appellant's obligation to demonstrate his or her claims of error by the trial court. In this case, reviewing the testimony is necessary to substantively resolve Curtis' assignments of error. Without a transcript or an App.R. 9(C) statement of the evidence, we are unable to assess the validity of Curtis' claims and, therefore, we must presume the validity of the trial court's proceedings and affirm its judgment. *Knapp,* 61 Ohio St.2d at 199; *Francis,* 2010-Ohio-5659, at ¶ 7 (9th Dist.); *Baker v. Walmart Corp.*, 2025-Ohio-1806, ¶ 8-11 (6th Dist.). Accordingly, Curtis' second, third, fourth, and fifth assignments of error are overruled.

**B.     First Assignment of Error**

{¶12} In the first assignment of error, Curtis argues the trial court erred in failing to assess court costs and reasonable attorney's fees against Homon when it

found Homon in contempt. She argues that such court costs and reasonable attorney's fees must be assessed against Homon pursuant to R.C. 3109.051(K). She requests that we reverse the trial court's judgment and award her $4,086.75 in attorney's fees, "plus all other court costs related to the contempt and appeal ($400) against [Homon] that the trial court failed to issue in relation to this specific contempt conviction." (Appellant's Brief at 11).

### 1.    Applicable Law

{¶13} Ohio adheres to the "American rule" concerning the recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation. *Cruz v. English Nanny & Governess School*, 2022-Ohio-3586, ¶ 35. One well-established exception to the American rule is when a statute creates a duty to pay attorney fees. *Id.* at ¶ 36. One such statute is R.C. 3109.051(K), which provides in part:

> (K) If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting parenting time rights issued pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights issued pursuant to this section, section 3109.11 or 3109.12 of the Revised Code, or any other provision of the Revised Code, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt . . .

R.C. 3109.051(K). Thus, when the statute applies, it "only mandates the assessment of court costs 'arising out of the contempt proceeding' and 'reasonable' legal fees

arising 'in relation to the act of contempt.'" *Frick v. Howell*, 2015-Ohio-3639, ¶ 49 (4th Dist.).

{¶14} R.C. 3109.051(K) requires only "reasonable" attorney's fees be paid by the person found in contempt. The party seeking to be awarded attorney's fees bears the burden of establishing that the fees are reasonable. *In re Estate of Francis*, 2025-Ohio-1215, ¶ 4 (3d Dist.) (considering attorney fees under R.C. 2113.36, which mandates "reasonable attorney fees" paid by the executor of an estate be allowed as part of the expenses of administration). "Reasonableness for purposes of calculating attorney fees is a question of fact and the trial court must have evidence before it probative of that issue in order to make the finding." *Hart v. Spenceley*, 2013-Ohio-653, ¶ 22 (12th Dist.). Determining whether attorney's fees are reasonable, and the amount of those fees, are matters within the trial court's discretion and will not be reversed absent an abuse of discretion. *In re Estate of Francis* at ¶ 4. "An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable." *Id.*

{¶15} Significant for our purposes, the trial court must have evidence before it probative of whether the requested attorney's fees arose in relation to the legal proceeding upon which the contempt finding was made and were for services actually performed by the attorney. *See* R.C. 3109.051(K); *Hart* at ¶ 22, 24-25. Thus, "[a]lthough the language in R.C. 3109.051 is mandatory, attorney fees must

also be reasonable and based on the actual services performed by the attorney and the value of those services." *Hart* at ¶ 25.

### 2.      Factual Background

**{¶16}** As referenced above, the December 3, 2024 Judgment Entry addressed four separate show-cause motions, two filed by Homon and two filed by Curtis. The trial court dismissed both of Homon's motions and one of Curtis' motions in full. The trial court dismissed almost all of Curtis' other motion, but did find Homon in contempt based on one of the arguments in the motion.[3]   Specifically, the trial court agreed with Curtis that Homon violated the SPP by not reimbursing her for $11.40 she paid to have a prescription filled for an injury to their child's foot. The court stated:

> While the amount is minor, it certainly appears to the Court that the Defendant has provided documentation as to uninsured or unreimbursed medical expense and the amount of $11.40 has not been paid to Defendant. Therefore, the Court will find that the Plaintiff is in contempt [of this Court's prior Order regarding the reimbursement of a medical and/or prescription drug expense] for failing to reimburse the Defendant in the amount of $11.40.

(December 3, 2024 Judgment Entry at 10).

**{¶17}** The trial court also denied both parties' requests for an award of attorney's fees. The court explained that it did not recall any testimony as to "the

---

[3] The trial court rejected all of Curtis' other arguments in that same motion, such as claims that Homon failed to exercise parenting time, failed to properly or timely request a modification regarding transportation, failed to provide proper care and medical attention to their child, and refused to communicate about an injury suffered by their child.

reasonableness or necessity of the fees incurred." (*Id.* at 11). The trial court did not address whether to assess court costs (and, if so, in what amount) with respect to that part of Curtis' motion on which she prevailed.

### 3. Analysis – Attorney Fees

{¶18} As an initial matter, we note that the trial court recognized the applicability of R.C. 3109.051, given that the trial court previously applied R.C. 3109.051(K) to violations of the SPP when it found Curtis in contempt. In that instance, the court did not award attorney's fees to Homon due to insufficient evidence of the necessity for or reasonableness of such fees. (*See* Sept. 30, 2022 Magistrate's Decision; Feb. 15, 2023 Judgment Entry (overruling objections to Magistrate's Decision)).

{¶19} The trial court did not abuse its discretion in deciding not to award Curtis any attorney's fees. In addition to making a general request for attorney's fees in her motion, Curtis submitted a closing memorandum concerning the show-cause motions and requesting an award of $4,068.75 in attorney's fees. She attached a document to her closing memorandum showing that she had "incurred $4,068.75 in attorney fees in this matter since June 1, 2024." However, that document lumps together various vaguely-described tasks performed by her attorney that may or may not pertain to the show-cause motion on which Homan prevailed. This is important not only because one of Curtis' motions was dismissed entirely, but also because the trial court rejected several of the alleged instances of contempt in Curtis' other

motion and only found Homon in contempt for one specific action. *See Frick*, 2015-Ohio-3639, at ¶ 49 (trial court appropriately limited its award of court costs and attorney's fees where other party was only found in contempt for denying visitation on some of the dates listed in the show cause motion and "was not found to be in contempt for other alleged denials of visitation or for otherwise violating the court's order"). Moreover, it is readily apparent that some of the fees listed in the supporting document related to the time her attorney spent responding to *Homon's* show-cause motions. In short, the trial court did not have evidence before it that showed which attorney's fees "arose in relation to the act of contempt" pertaining to Homan's failure to pay for the child's prescription medication. R.C. 3109.051(K); *see also Hart*, 2013-Ohio-653, at ¶ 22 (affirming trial court's decision not to award any attorney's fees under R.C. 3109.051(K) because the evidence "did not specify what portion of the total amount of attorney fees were related to the [successful] contempt motions" and, "[t]herefore it was impossible for the court to determine an award of attorney fees").

### 4. Analysis – Court Costs

{¶20} However, the trial court never addressed Curtis' request for court costs after finding Homon in contempt. Curtis requested court costs in her contempt motion, and the trial court found that Homan was in contempt, at least as related to the medication expense. Thus, R.C. 3109.051(K) required the trial court to "assess all court costs arising out of the contempt proceeding against" Homon. In failing

to address this issue, the trial court erred as a matter of law. *See Cichanowicz v. Cichanowicz*, 2013-Ohio-5657, ¶ 99-101 (3d Dist.) (where R.C. 3109.051(K) applied and the trial court found a party in contempt on five motions, it erred as a matter of law in deciding only to award court costs and attorney's fees for two of those contempt findings). We remand to the trial court for further proceedings in order to address the assessment of court costs as it relates to that portion of Curtis' motion seeking a contempt finding for Homan's failure to pay for the prescription medication. If it is possible to determine the court costs arising out of the contempt proceeding against Homon, then the trial court must assess them. *Kimball v. Austin*, 2001 WL 866260, *2 (9th Dist. Aug. 1, 2001) (remanding for further proceedings where trial court failed to address the assessment of court costs pursuant to R.C. 3109.051(K), despite finding party in contempt of visitation order).

{¶21} Curtis' first assignment of error is overruled as it relates to the trial court's decision not to award attorney's fees and sustained as relates to the trial court's failure to address the assessment of court costs for the portion of the contempt motion on which Curtis prevailed.

## IV.     CONCLUSION

{¶22} For the foregoing reasons, the judgment of the Juvenile Division of the Union County Court of Common Pleas is affirmed, in part, and reversed, in part. Having found error prejudicial to the appellant in the particulars assigned and

Case No. 14-24-49

argued, we remand this cause to the trial court for the limited purpose of addressing

the assessment of court costs pursuant to R.C. 3109.051(K).

***Judgment Affirmed in Part,***
***Reversed in Part, and***
***Cause Remanded***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

 

_____
Mark C. Miller, Judge

 

_____
Juergen A. Waldick, Judge

 

_____
John R. Willamowski, Judge

DATED:
/jlm