[Cite as *Bigler v. Haynes*, 2025-Ohio-5105.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

AINSLEY BIGLER,

    PETITIONER-APPELLEE,

  v.

TELLY HAYNES,

    RESPONDENT-APPELLANT.

CASE NO. 9-25-10

OPINION AND
JUDGMENT ENTRY

Appeal from Marion County Common Pleas Court
Trial Court No. 2025 CV 0010

Judgment Affirmed

Date of Decision:  November 10, 2025

APPEARANCES:

    *Telly Haynes,* Appellant

**WILLAMOWSKI, J.**

{¶1} Respondent-appellant Telly Haynes ("Haynes") appeals the judgment of the Marion County Court of Common Pleas *pro se,* arguing that the trial court erred in granting petitioner-appellee Ainsley Bigler's ("Bigler") request for a civil stalking protection order ("CSPO"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On January 8, 2025, Bigler filed a petition for a CSPO. In response, the trial court issued an ex parte CSPO and scheduled a full hearing on this matter for January 15, 2025. On the date of the scheduled hearing, the trial court granted a continuance in part because Haynes "needed some additional time to gather evidence." (Doc. 6).

{¶3} After setting a new date for the full hearing, the trial court granted another continuance requested by Haynes on February 14, 2025. On the following day, Haynes was served with notice that the full hearing was set to be held on March 27, 2025. From the record, it appears that Haynes was not present at the full hearing. At oral arguments at the Court of Appeals, Haynes verified that she did not appear for the full hearing. On March 27, 2025, the trial court issued a CSPO after an uncontested full hearing was held.

{¶4} Haynes filed her notice of appeal on April 28, 2025 and raises the following five assignments of error:

**First Assignment of Error**

**The trial court erred by admitting unauthenticated Facebook screenshots in violation of Ohio Evid.R. 901 and 802.**

**Second Assignment of Error**

**The court violated due process by issuing a protection order without sworn testimony or verified evidence.**

**Third Assignment of Error**

**The County Prosecutor's representation of a private individual contravened Ohio Prof. Conduct rules 1.7 and 1.9.**

**Fourth Assignment of Error**

**The trial judge failed to recuse himself despite a prior attorney-client relationship, in violation of Ohio Judicial Code Canon 3(E).**

**Fifth Assignment of Error**

**The cumulative conduct by the prosecutor, judiciary, and public employees constitutes a pattern of corrupt activity under Ohio Revised Code 2923.31 & 2923.32 and infringes upon Appellant's constitutional rights.**

*First Assignment of Error*

{¶5} Haynes argues that the trial court erred in considering unauthenticated evidence in deciding to grant the requested CSPO.

Legal Standard

**{¶6}** To prevail on appeal, the appellant must carry the burden of affirmatively demonstrating that the trial court erred. *Jabr v. Columbus*, 2023-Ohio-2781, ¶ 11 (10th Dist.). As part of this process, an appellant is required by App.R. 9(B) to "provide the appellate court with transcripts of the proceedings that are necessary to review the merits of his [or her] appeal." *State v. Brown*, 2010-Ohio-4546, ¶ 8 (3d Dist.). The rationale for this rule is that a court of appeals generally needs to review a "transcript to verify whether" the trial court in fact committed the error that has been alleged by the appellant. *Woodrum v. Wheel's Outpost Motor Sales*, 1987 WL 7065, *2 (6th Dist. Feb. 27, 1987).

**{¶7}** A court of appeals "will not guess at . . . claims on appeal." *State v. Stevenson*, 2009-Ohio-2455, ¶ 21 (9th Dist.).

> When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm [the decision of the trial court as to these issues].

*Homon v. Curtis,* 2025-Ohio-4322, ¶ 7 (3d Dist.), quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

Legal Analysis

**{¶8}** Haynes challenges a CSPO that was issued after a full hearing and argues that the trial court erred in permitting the petitioner to present evidence that was not properly authenticated. As an initial matter, we note that Haynes

acknowledged that she did not appear at the full hearing. Thus, she was not present to raise an objection to the admission of this challenged evidence before the trial court. Further, Haynes also did not provide a copy of the transcript of the hearing for this Court to review, leaving her unable to verify her claims of error with references to the relevant portions of the record.[1] In the absence of a transcript, we are left with no alternative but to presume that the proceedings before the trial court were valid. *See Homon*, 2025-Ohio-4322, at ¶ 7 (3d Dist.). Accordingly, the first assignment of error is overruled.

## *Second Assignment of Error*

**{¶9}** Haynes alleges that the trial court violated her right to due process by issuing a CSPO in the absence of proper evidence.

## Legal Standard

**{¶10}** The Ohio Rules of Appellate Procedure govern the appeals process. App.R. 1(A). Under App.R. 16(A)(7), an appellant's brief is to include

> [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

"The appellant cannot prove the trial court erred by 'merely setting forth conclusory statements' that claim the trial court erred." *Adams v. June*, 2021-Ohio-168, ¶ 8 (3d Dist.), quoting *In re B.P.*, 2015-Ohio-48, ¶ 10 (9th Dist.). Pursuant to App.R.

---

[1] In filing her appeal, Haynes marked "[n]o transcript required" in her civil appeal docketing statement. (Doc. 14).

12(A)(2), a reviewing "court may disregard an assignment of error presented for review if the party raising it . . . fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

Legal Analysis

{**¶11**} While Haynes has an assignment of error that asserts the trial court's decision was not supported by admissible evidence, the body of her brief does not contain a corresponding argument in support of her claimed error. Thus, her challenge does not comply with the requirements of App.R. 16(A). For this reason, App.R. 12(A)(2) permits this Court to disregard this assignment of error. *Pierce v. Workman*, 2023-Ohio-2022, ¶ 19 (3d Dist.).

{**¶12**} Further, as noted in the first assignment of error, Haynes has not provided this Court with a transcript of the hearing before the trial court. In the absence of a transcript in the record, we cannot evaluate the evidence that formed the basis of the trial court's decision. Thus, we must again apply the presumption that the proceedings before the trial court were valid. *See Homon*, 2025-Ohio-4322, at ¶ 7 (3d Dist.). We also note that Haynes acknowledged that she did not appear for the full hearing. Thus, she was not present to contest the petitioner's evidence before the trial court. Accordingly, the second assignment of error is overruled.

*Third Assignment of Error*

{**¶13**} Haynes asserts that the petitioner's attorney violated Rule 1.7 and Rule 1.9 of the Ohio Rules of Professional Conduct.

Legal Standard

**{¶14}** In general, appellate courts do "not have jurisdiction over the issue of whether an attorney violated the Rules of Professional Conduct [.]" *Rice v. Lewis*, 2010-Ohio-1077, ¶ 51 (4th Dist.), quoting *State v. Snyder*, 2009-Ohio-49, ¶ 35 (6th Dist.). *See State v. Foster*, 2024-Ohio-2924, ¶ 68 (10th Dist.). Matters related to the discipline of attorneys practicing in this state are subject to the oversight of the Ohio Supreme Court. *Fried v. Abraitis*, 2016-Ohio-934, ¶ 9 (8th Dist.). *See also SW Acquisition Co., Inc. v. Akzo Nobel Paints, LLC*, 2022-Ohio-3674, ¶ 27 (6th Dist.) (noting that appellate courts can review a trial court's decision to disqualify an attorney in a pending case).

Legal Analysis

**{¶15}** The record does not contain a decision from the trial court as to whether the petitioner's attorney should be disqualified. Thus, the claimed violations of the Ohio Rules of Professional Conduct that Haynes alleges on appeal do not present a matter for this Court to decide. *Hightower v. Hightower*, 2016-Ohio-7870, ¶ 18 (10th Dist.). Additionally, we note that Haynes asserts that the petitioner's attorney violated Prof.R. 1.7 and Prof.R. 1.9 by participating in this case after he had prosecuted her in a prior case from 2010. However, these identified provisions address conflicts of interest with current clients and duties to former clients. Thus, her allegations do not ultimately implicate the strictures in either of these provisions. Accordingly, the third assignment of error is overruled.

*Fourth Assignment of Error*

{¶16} Haynes argues that the proceedings before the trial court were tainted by judicial bias.

Legal Standard

{¶17} R.C. 2701.03 establishes the process for raising a claim of judicial bias. *Matter of C.S.*, 2023-Ohio-3754, ¶ 20 (4th Dist.). Pursuant to this provision, a litigant "is to file an affidavit of prejudice with the clerk of the Supreme Court of Ohio." *A.M. v. Leone*, 2025-Ohio-728, ¶ 67 (7th Dist.). The Chief Justice or her designee then determines the matter. *Rogers v. Logan County Health District*, 2018-Ohio-893, ¶ 5 (3d Dist.).

Legal Analysis

{¶18} As an initial matter, we note that Haynes did not avail herself of the process set forth in R.C. 2701.03 to raise her claim of judicial bias. *A.M.* at ¶ 66-67. Additionally, Haynes alleges the proceedings were tainted by judicial bias because Judge Larry Heiser had previously been her lawyer and should have recused himself from this case. However, all of the orders issued in this case were signed by Judge Matthew Frericks. While the petitioner was an employee of the Marion County Family Court where Judge Heiser serves, the record contains no indication that Judge Heiser had any participation in this proceeding. Thus, Haynes's allegation of judicial bias has no factual basis in the record. *See Edelstein v.*

*Edelstein*, 2025-Ohio-4686, ¶ 37 (1st Dist.). Accordingly, the fourth assignment of error is overruled.

*Fifth Assignment of Error*

**{¶19}** Haynes alleges that the conduct of petitioner's attorney and the judiciary in this case constituted an abuse of process and a pattern of corrupt activity.

Legal Standard

**{¶20}** "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13. Further, "[m]atters outside the record cannot be used to demonstrate error . . . ." *Herron v. Herron*, 2021-Ohio-2223, (9th Dist.), quoting *In re J.C.*, 2010-Ohio-637, ¶ 15 (9th Dist.). For these reasons, appellate courts are to review the "evidence set forth in the record of appeal and cannot consider facts outside that record." *Nunn v. Mitchell*, 2024-Ohio-4586, ¶ 15 (8th Dist.).

Legal Analysis

**{¶21}** Haynes alleges that the three branches of government engaged in various coordinated activities that amount to abuse of process and a pattern of corrupt activity. However, the allegations in this section of her brief do not relate to matters contained in the record before us. *Alex-Bell Oxford Limited Partnership v. Woods*, 1998 WL 289028, *4 (2d Dist. June 5, 1998) (overruling an assignment of error containing "assorted allegations of wrongdoing" that were related to matters "that lie outside of the record"). Since appellate review is limited to the matters in

the record, we do not reach the substance of these allegations. Accordingly, the fifth assignment of error is overruled.

*Conclusion*

**{¶22}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 9-25-10

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
Juergen A. Waldick, Judge


_____
Mark C. Miller, Judge

DATED:
/hls