[Cite as *Overmyer v. Thiebaut*, 2025-Ohio-5686.]



IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY


JOSEPH M. OVERMYER,

    PLAINTIFF-APPELLEE,

  v.

KELBY D. THIEBAUT
fka OVERMYER,

    DEFENDANT-APPELLANT.

CASE NO. 15-25-07


OPINION AND
JUDGMENT ENTRY


Appeal from Van Wert County Common Pleas Court
Domestic Relations Division
Trial Court No. DR-20-03-031

Judgment Affirmed

Date of Decision: December 22, 2025


APPEARANCES:

    *Kelby D. Thiebaut* fka *Overmyer*, Appellant

**MILLER, J.**

{¶1} Defendant-Appellant, Kelby Thiebaut f/k/a Overmyer ("Kelby"), appeals from the June 10, 2025 Judgment Entry of the Van Wert County Court of Common Pleas, Domestic Relations Division. Kelby argues the trial court improperly adopted the magistrate's decision on contempt and child support motions without conducting an independent review and also erred by treating civil contempt proceedings as criminal contempt proceedings. Additionally, she raises several assignments of error that—as explained below—we reject because she did not provide us with the transcripts necessary to resolve those assignments of error. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} This case began as a divorce action between Joseph Overmyer ("Joseph") and Kelby, who subsequently entered into a shared parenting plan concerning their child. On October 18, 2023, the magistrate issued a decision on a contempt motion filed by Joseph. The magistrate found, by clear and convincing evidence, that Kelby was in contempt because she failed to timely notify the court of her new address prior to her intended move, "in violation of the relocation notice in the Shared Parenting Plan, as well as in violation of R.C. 3109.051(G)." The decision imposed a 30-day jail sentence, but suspended the sentence and provided Kelby with the opportunity to purge the contempt finding on the condition that she "continues to be compliant with the Court's parenting time orders, exchange

location orders and relocation orders for the next twelve (12) months." Kelby filed objections to the magistrate's decision, but the trial court sustained the magistrate's conclusions. In a subsequent judgment entry filed on July 22, 2024, the trial court entered a judgment that made the same contempt findings, and imposed the same suspended sentence and ability for Kelby to purge herself of the contempt, as recommended in the magistrate's October 18, 2023 decision.

{¶3} Kelby later filed a contempt motion and a motion for change of child support on August 20 and August 30, 2024, respectively. In turn, Joseph filed two motions on September 20, 2024. One was for execution of the suspended sentence against Kelby, alleging that she had failed to comply with the purge conditions by not providing timely notification of her latest relocation. The other was a contempt motion concerning several instances of alleged conduct by Kelby in violation of court orders.

{¶4} The magistrate held hearings on the four motions on November 7, 2024 and December 23, 2024. On February 26, 2025, the magistrate issued a lengthy decision on the motions. Among the factual findings and legal determinations, the magistrate found Kelby was in contempt of court for some of her conduct and imposed a 60-day jail sentence, but suspended that sentence—and specified that Kelby could purge the contempt—upon completing certain conditions.[1]

---

[1] The magistrate also found Joseph had failed to prove Kelby was in contempt regarding certain other conduct, which is not relevant to this appeal.

Additionally, the magistrate found Kelby had violated the terms of her previously suspended 30-day jail sentence, but scheduled a future hearing to determine whether the 30-day sentence would be imposed and afforded Kelby the opportunity to once again purge the contempt, upon completing the same conditions imposed for purging the 60-day suspended sentence.

{¶5} Kelby subsequently filed objections to the February 26, 2025 Magistrate's Decision. On June 3, 2025, the trial court issued a thorough decision denying Kelby's objections and sustaining the magistrate's decision in all of its conclusions of law and determinations. On June 10, 2025, the trial court issued a judgment entry in line with the February 26, 2025 Magistrate's Decision, including: (a) finding, by clear and convincing evidence, that Kelby was in contempt of the court's orders by failing to file a Notice of Intent to Relocate prior to her latest intended move, failing to provide Joseph with the requisite advanced notice to exercise parenting time, failing to provide their child's social security card to Joseph, unilaterally deciding to cut their child's hair eight inches, and failing to pay her child support obligations; (b) sentencing Kelby to a 60-day suspended jail sentence that she had the ability to purge upon completing certain conditions; (c) finding that Kelby had violated the terms of her previously suspended 30-day jail sentence from the July 22, 2024 judgment entry by failing to timely notify Joseph of her latest change of address; (d) invoking Kelby's suspended jail sentence of 30 days, but also ordering that jail time may be suspended and Kelby may purge

contempt upon completing the same conditions for purging the 60-day suspended jail sentence[2]; and (e) ordering that Kelby report to court on a future date for a hearing to determine whether the jail sentence would then be imposed. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶6} Kelby raises seven assignments of error for our review:

### First Assignment of Error

**The trial court erred and abused its discretion by adopting the magistrate's decision that lacked independent judgment and improperly applied precedent.**

### Second Assignment of Error

**The trial court erred by applying unequal standards in contempt findings against Appellant and Appellee, violating Appellant's rights to equal protection and due process.**

### Third Assignment of Error

**The trial court erred by treating civil contempt proceedings as criminal contempt proceedings without providing Appellant the constitutional safeguards required for criminal contempt.**

### Fourth Assignment of Error

**The trial court erred and abused its discretion by finding Appellant in contempt for nonpayment of child support despite good faith efforts to comply and employment changes beyond her control.**

---

[2] There is no commitment order or other indication in the record that Kelby was ever taken to jail to begin her 30-day sentence.

**Fifth Assignment of Error**

**The trial court erred by finding Appellant in contempt for failure to provide the minor child's Social Security card, where compliance was impossible due to the retroactive nature of the order.**

**Sixth Assignment of Error**

**The trial court erred in refusing to consider Appellant's actual current and past income when calculating retroactive child support, in violation of R.C. 3119.05 and 3119.05(K).**

**Seventh Assignment of Error**

**The trial court encouraged Appellee's abuse of the legal process to punish Appellant.**

### III. DISCUSSION

{¶7} We address the assignments of error out of order in a manner that facilitates our analysis. We initially note that pro se litigants, like Kelby, must follow the same procedures as litigants represented by counsel. *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10. "Pro se litigants are presumed to have knowledge of the law and legal procedures, and they are held to the same standard as litigants who are represented by counsel." *Homan v. Curtis*, 2025-Ohio-4322, ¶ 5 (3d Dist.); *see also State v. Marks*, 2024-Ohio-4863, ¶ 15 (3d Dist.) ("[g]enerally, a pro se defendant is held to the same standard of conforming to legal procedures as an attorney and is expected to abide by the rules of evidence and procedure—regardless of his or her familiarity with them").

### A. Second, Fourth, Fifth, Sixth, and Seventh Assignments of Error

{¶8} In her second, fourth, fifth, sixth, and seventh assignments of error, Kelby makes several arguments concerning the factual findings in the February 26, 2025 Magistrate's Decision, the trial court's June 3, 2025 Decision, and the trial court's June 10, 2025 Judgment Entry. However, we are unable to reach the merits of those arguments because Kelby failed to provide the transcripts necessary to resolve those assignments of error.

#### 1. Applicable Law

{¶9} "An appellate court's review is limited to the record provided to it under the Ohio Rules of Appellate Procedure." *Homon*, 2025-Ohio-4322, at ¶ 7 (3d Dist.); *see also* App.R. 9; App. R. 12(A)(1)(b). "'The duty to provide a transcript for appellate review falls upon the appellant.'" *Id.*, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also* App.R. 10; Third Dist.Loc.R. 9(A). "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Homon*, 2025-Ohio-4322, at ¶ 7 (3d Dist.), quoting *Knapp* at 199. "'When arguing any factual matter, a transcript is necessary on appeal as Appellant bears the burden of demonstrating error by reference to matters contained within the record.'" *Id.*, quoting *In re Adoption of H.T.*, 2018-Ohio-2806, ¶ 28 (3d Dist.).

**2.    Analysis**

{¶10} As the appellant, Kelby had the duty to provide the court with the transcripts necessary to review her assigned errors.  Hearings on the underlying motions took place on November 7 and December 23, 2024.  The magistrate made numerous factual findings based on testimony given at those hearings, and the trial court accepted those findings.  However, Kelby did not provide us with a transcript from either of those hearings.

{¶11} Kelby's second, fourth, fifth, sixth, and seventh assignments of error each involve disputed factual matters.  Interestingly, Kelby concludes the statement of facts in her appellate brief by acknowledging, "These factual disputes, including alleged contemptuous conduct and child support issues, were addressed at hearings held on November 7 and December 23, 2024, resulting in the Magistrate's Decision and subsequent adoption by the trial court."  (Appellant's Brief at 6).  Reviewing the testimony from these hearings is necessary to substantively resolve these five assignments of error.  Without a transcript, "we must presume the validity of the trial court's proceedings and affirm its judgment" on those claims of error.  *Homon*, 2025-Ohio-4322, at ¶ 11 (3d Dist.).  Accordingly, the second, fourth, fifth, sixth, and seventh assignments of error are overruled.

**B.    First Assignment of Error**

{¶12} To support the first assignment of error, Kelby argues the trial court erred by adopting the magistrate's February 26, 2025 decision without making an

independent review. She claims the trial court adopted a decision by the magistrate that "directly copied and pasted, but did not cite authority from *Van Scoder v. Van Scoder*, 2008-Ohio-4780 [(3d Dist.)], without proper analysis or application to the unique facts of this case." (Appellant's Brief at 7).

### 1. Applicable Law

{¶13} Pursuant to Civ.R. 53(D)(4)(d), "In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *See also Figel v. Figel*, 2009-Ohio-1659, ¶ 10 (3d Dist.) ("Civ.R. 53(D) requires a trial court to conduct an independent analysis of the issues considered by the magistrate"). However, an appellate court "presumes regularity in the proceedings below, and thus, we must presume that the trial court conducted an independent analysis before rendering its decision." *Figel* at ¶ 10. Accordingly, a party asserting that the trial court did not do so bears the burden of affirmatively demonstrating the trial court's failure to perform its Civ.R. 53(D) duty of independent analysis. *Id.*

### 2. Analysis

{¶14} Kelby has failed to meet her burden. We initially note that this assignment of error focuses on an alleged failure by the trial court to ascertain that

the magistrate appropriately applied the law, not whether the magistrate properly determined any factual issues.[3]

{¶15} The trial court's detailed June 3, 2025 Decision and subsequent Judgment Entry show that it undertook the requisite independent review and analysis. Civ.R. 53(D)(4)(d); *see also Figel*, 2009-Ohio-1659, at ¶ 11 (3d Dist.) (rejecting argument that the trial court erred by failing to conduct an independent review). Indeed, the trial court directly addressed this same claim concerning the Magistrate's Decision's use of *Van Schoder*. The trial court comprehensively addressed the alleged problem and found the magistrate "had the proper standard for civil and criminal contempt and cited the property authority," before denying Kelby's objection on the claim. Having also reviewed Kelby's objection to the magistrate's decision on this point, we conclude the trial court did not err in its analysis. (June 3, 2025 Decision at pp. 9-11). We find no merit in Kelby's arguments.[4]

{¶16} The first assignment of error is overruled.

---

[3] In addition to not providing this court with transcripts from the November 7 and December 23, 2024 hearings, Kelby also failed to provide those transcripts to the trial court. Accordingly, and as the trial court explained in its June 3, 2025 Decision, when ruling on Kelby's objections to the February 26, 2025 Magistrate's Decision the trial court was required to accept the magistrate's findings of fact and to review the magistrate's conclusions of law based on those factual findings. *Fogt v. Fogt*, 2019-Ohio-1403, ¶ 13 (3d Dist.); *see also* Civ.R. 53(D)(3)(b)(iii) (an objection to a magistrate's factual finding shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available). A review of the trial court's June 3, 2025 Decision and June 10, 2025 Judgment Entry shows that the trial court properly accepted the magistrate's findings of fact.

[4] To the extent Kelby is complaining that the *magistrate's* decision lacked independent judgment and improperly applied precedent, we have reviewed the magistrate's February 26, 2025 decision, trial court's June 3, 2025 Decision denying Kelby's objections, the trial court's June 10, 2025 Judgment Entry, and applicable law, and we do not find any error in that respect either.

### C. Third Assignment of Error

{¶17} In the third assignment of error, Kelby asserts that the trial court erred by treating civil contempt proceedings as criminal contempt proceedings and not providing her with the constitutional safeguards required for criminal contempt. We disagree.

{¶18} While they both "contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment." *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). "Punishment is remedial or coercive and for the benefit of the complainant in civil contempt." *Id.* "Prison sentences are conditional" in civil contempt, and "[t]he contemnor is said to carry the keys of his prison in his own pocket . . . since he will be freed if he agrees to do as ordered." *Id.* at 253-254 (five-day conditional jail sentence was a civil penalty). For example, in civil contempt cases, courts may choose to impose a jail sentence as a contempt sanction and then suspend the sentence, as a method to both coerce the contemnor's compliance with the court's order and to provide him or her an opportunity to purge. *Whitman v. Whitman*, 2012-Ohio-405, ¶ 58 (3d Dist.). "The burden of proof for civil contempt is clear and convincing evidence." *Id.* at ¶ 53.

{¶19} "Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence." *Brown* at 253-254. "Such imprisonment operates not as a remedy coercive in its nature but as punishment for the completed act of

-11-

disobedience, and to vindicate the authority of the law and the court." *Id.* at 254. "[A] contemnor cannot be given a criminal contempt sanction unless proven guilty beyond a reasonable doubt." *Id.* at 252. "The key distinguishing feature of a civil contempt sanction from a criminal contempt sanction is that the trial court must give the contemnor an opportunity to purge the contempt" for civil contempt. *Whitman* at ¶ 53; *see also Porter v. Wirick*, 2016-Ohio-5773, ¶ 55 (3d Dist.) ("[c]riminal contempt is usually characterized by an unconditional sentence, and the contemnor is not afforded an opportunity to purge himself or herself of the contempt").

{¶20} Here the record clearly shows the court engaged in civil contempt proceedings and provided Kelby with the opportunity to purge the contempt. The punishment was remedial or coercive and for Joseph's benefit. *See Brown*, 64 Ohio St.2d at 253. Contrary to Kelby's assertion, the trial court did not treat civil contempt proceedings as criminal contempt proceedings without providing Kelby constitutional safeguards required for criminal contempt. Constitutional safeguards required for criminal contempt were not applicable.

{¶21} In her brief, Kelby acknowledges the trial court found her in *civil* contempt through its use of the "clear and convincing" standard. While she contends the trial court did not give her an opportunity to purge the contempt, she relies on her own misstatements in her brief concerning the purge conditions to make her argument. As shown in the facts and procedural history, above, the trial court gave Kelby ample opportunity to purge the contempt. *See Porter* at ¶ 56 (by

suspending the sentence imposed upon a party found in contempt for a past violation, the court effectively allows for purging the contempt). In fact, with respect to the contempt that resulted in the 30-day suspended jail sentence, the June 10, 2025 Judgment Entry indicates the trial court provided Kelby with *an additional* opportunity to purge the contempt underlying the invoked 30-day jail sentence if she completes the same conditions for purging the 60-day suspended jail sentence. The trial court provided Kelby with every opportunity to purge the contempt finding.

{¶22} The third assignment of error is overruled.

## IV. CONCLUSION

{¶23} For the foregoing reasons, Appellant's assignments of error are overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Van Wert County Court of Common Pleas, Domestic Relations Division.

*Judgment Affirmed*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm